# Court of Appeals.

October 11, 1892.

## ·PEOPLE v. STEPHEN TOWER. ·

(48 St. Rep. 438; 135 N. Y. 457.)

1. Forgery—Procurer.

The procurer of a forged signature, present at the time, aiding and abetting the forgery, is properly charged as a principal.

2. Indictment—Objections—Waiver.

Where offenses cannot be united in the same indictment, such objection must be taken by demurrer, and is waived, when not so taken, and does not constitute one of the grounds for which judgment can be arrested.

Appeal from judgment of the supreme court, general term, fifth department, affirming judgment and conviction of the Niagara county sessions, entered on verdict of jury convicting Stephen Tower of the crime of forgery in the second degree.

Richard Crowley, for appellant.

P. F. King, dist.-att'y, for respondents.

ANDREWS, J. — The indictment contained but a single count and charged that the defendant "did make, forge and alter, and put off as true," the endorsement of one Diez on a promissory note. The forging and uttering of a forged promissory note, or of an endorsement thereon, are distinct and separate offenses, and each under our statute constitute the crime of forgery in the second degree and subject the offender to the same imprisonment. Penal Code, §§ 511, 521.

On the trial the defendant's counsel, at the close of the case on the part of the prosecution, requested the court to direct a verdict for the defendant on the ground "that the indictment charges the defendant with having made and forged the signature of Diez, and that the evidence does not warrant a conviction of the crime of which he is charged in the indictment," and after verdict he moved an arrest of judgment, stating the same

ground. The motion to direct a verdict and the motion in arrest were each denied, and exceptions to the rulings thereon present the only questions of law urged on this appeal.

There was a conflict of evidence upon the point whether the endorsement of Diez, which was admitted to be a forgery, was written by the defendant. But the evidence justified a finding that he wrote the endorsement or procured it to be written, being present at the time, aiding and abetting the forgery. In either case he was properly charged as principal. Penal Code, § 29; State v. Rucker, 93 Mo. 88; Chidester v. State, 25 Ohio St. 433. It is not controverted that the defendant uttered or offered to pass the note with the forged endorsement.

The principal point urged for a reversal is that the indictment is bad for duplicity in charging two distinct offenses in one count, viz.: the forging and the uttering of the forged endorsement. It was held in People v. Rynders, 12 Wend. 428, that a count for forging an instrument could be united with a count for uttering the same instrument in the same indictment, and that the prisoner might be properly tried on both charges at the same time.

Sections 278 and 279 of the Code of Criminal Procedure prescribe that an indictment must charge but one crime and in one form, except that the crime may be charged in separate counts to have been committed by different means, and that where the acts complained of may constitute different crimes, such crimes may be charged in separate counts. Under the Code it is, perhaps, doubtful whether the two offenses of forgery and uttering the forged instrument could be properly united in the same indictment. The crimes are distinct, arising upon different acts, although each constitutes the offense of forgery in the second degree. But assuming that the offenses could be united in the same indictment, the remedy is pointed out in the Code, and that is by demurrer. Code Crim. Pro. § 323. Where not taken by demurrer, the objection is waived and does not constitute one of the grounds for which judgment can be arrested. Code Crim. Pro. § 467. It was formerly held that a prisoner was entitled to avail himself on motion in arrest of every objection in substance or form which could have been taken on demurrer to the indictment. Nelson, J., People v. Wright, 9 Wend. 193. But

the practice was not uniform, and it was held in some courts that the objection of duplicity was no ground for motion in arrest. See Polinsky v. People, 73 N. Y. 72, and cases cited.

In this case there was no objection taken on the trial to the form of the indictment. The verdict was general, and the sentence was appropriate to either offense. Under the circumstances, the point raised is not tenable.

The judgment and conviction should be affirmed.