## Court of Appeals.

December 12, 1893.

### PEOPLE v. ISRAEL ADLER.

(55 St. Rep. 669; 140 N. Y. 331.)

Indictment—Criminal law.

> Where the accusation is of the commission of a certain crime and
> the indictment sets forth two or more offenses of the same nature,
> based upon the same or a continuous set of facts, either of which
> offenses makes him guilty of the same crime, the indictment is not
> demurrable. So held in case of an indictment, setting forth in one
> count the forgery of a written instrument, and in another the
> uttering of the said instrument on the same date and at the same
> place, where the crime and degree of punishment are the same.

Appeal from judgment of the supreme court, general term,
fifth department, affirming judgment of the Monroe court of
sessions convicting defendant of the crime of forgery in the sec-
ond degree.

The defendant was accused by the grand jury of Monroe county of the crime of forgery in the second degree. The indictment contained two counts, the first of which set forth the forging, on April 12, 1892, at the city of Rochester, of the following written instrument, viz.:

"Rochester, N. Y., April 12, 1892.
"The Central Bank pay to bearer two hundred dollars.
"JOHN G. THEIN, Pres. JAS. L. SCHMITT, Treas."

The second count set forth the uttering, on the same date and at the same place, of the written instrument described in the first count. The defendant demurred to the indictment, alleging as one of the grounds of demurrer that two separate and distinct crimes were charged therein, in violation of sections 278 and 279 of the Code of Criminal Procedure.

The demurrer was overruled, and the defendant was required to plead. His trial in the court of sessions resulted in a conviction, and from the judgment of the general term affirming the judgment of conviction the defendant appeals to this court.

Frank Cummings, for appellant.

George D. Forsyth, for respondents.

GRAY, J.—But one question is presented by this appeal, and that is whether this indictment was demurrable for charging more than one crime. Section 323 of the Code of Criminal Procedure authorizes a demurrer to an indictment when more than one crime is charged "within the meaning of sections 278 and 279." Section 278 provides that the indictment must charge but one crime and in one form, except as in the next section provided." The next section (279) provides that "the crime may be charged in separate counts to have been committed in a different manner, or by different means." The Penal Code, by section 511, provides that a person is guilty of forgery in the second degree, who forges an instrument or writing purporting to be the act of another, etc.; and, by section 521, that a person who utters a forged instrument or writing, the forging of which is punishable as forgery, is guilty of forgery in the same degree as if he had forged the same.

It is perfectly clear that to forge and to utter a forgery constitute separate and distinct offenses, but the question is whether when, as in this case, an indictment, charging the prisoner with the crime of forgery in the second degree, sets forth the different means in different counts by which it was committed, it is not within the meaning of sections 278 and 279. It would seem to be precisely within the exception provided by section 279 to the rule that but one crime must be charged in the indictment. If that is not a fair and rational construction of the section, then how are we to read it? The object of the indictment was to secure the punishment of the prisoner for the crime of forgery in the second degree, and, though technically it charged different felonies in the two counts, it was based upon a continuous transaction, of which forging and the putting out of forged checks were parts. Can it be pretended that the accused could have been embarrassed by having to plead to such an indictment, or that he was prejudiced by going to trial upon it? It is true that the two counts set forth offenses which were separately punishable, but the crimes and the degree of punishment were the same and the facts were connected. In framing the indictment so as in different counts to set forth the two parts of the continuous transaction, it was intended, presumably, to meet the evidence which should be adduced upon the trial. Was it not the purpose of the legislature to permit that to be done?

It was observed by Chancellor Walworth in Kane v. People, 8 Wend. 203, that in point of law it is no objection that two or more offenses of the same nature, and upon which the same or a similar judgment may be given, are contained in different counts of the same indictment. But in People v. Rynders, 12 Wend. 425, we have a case precisely in point, and, if the practice has not been changed by the Code of Criminal Procedure, one which should be authoritative.

In People v. Rynders the indictment charged the defendant in certain counts with forging a check, and in subsequent counts with uttering the same as true. Objection was made that two distinct offenses were charged, and a motion made to compel the public prosecutor to elect for which offense he would proceed. Savage, Ch. J., held that while it would be such an in-

congruity to incorporate in the same indictment offenses of a different nature, such as, for instance, a forgery and perjury, that the court would refuse to hear trial upon both, yet where the offenses were of the same character, differing only in degree, as was the case there, then the prisoner ought to be tried on both charges at the same time.

At that day those offenses were not only distinct, but were punished with different degrees of severity, and yet it was not deemed to violate any principle of justice that they should be united in the indictment and in the trial. The prisoner might be convicted of one and not of the other offense.

The Rynders case was never questioned as an authority, and was frequently referred to as authoritative down to the adoption of the Code of Criminal Procedure. In Hawker v. People, 75 N. Y. 487, it was said by Judge Earl that "so long as the counts relate to the same transaction there can be no objection to the union of such counts in the same indictment. I do not think we should hold that the Code of Criminal Procedure has changed a procedure in framing indictments which was previously sanctioned, unless its language compels us to do so.

Its enactment was in the direction of regulating and establishing criminal procedure in the accusation and in the trial of persons for offenses specified in the statute. It was desirable to simplify the procedure and to make it plain and intelligible to the lay mind; just as much so as it was desirable, by the enactment of a Penal Code, to define crimes in explicit and clear language. Its object was to promote a substantial justice, in securing to the accused a fair trial upon an intelligible accusation, and in preventing the escape of a guilty person through technicalities which were without merit, with respect to the procedure preliminary to or upon the trial. Its construction should be strict to preserve the substantial interest of the accused; but it should be liberal where the interests of justice require it, and no vested rights of the accused are affected. It requires no argument to show that a prisoner has a substantial interest in being protected against several accusations in the indictment which send him to his trial charged with the commission of two or more crimes of an utterly different nature; but where the accusation is of the commission of a certain

crime, and the indictment sets forth two or more offenses of the same nature, based upon the same or a continuous set of facts, either of which offenses makes him guilty of the same crime, the prisoner cannot be prejudiced.

An observation of the learned judge who wrote in People v. Tower, 135 N. Y. 457; 48 St. Rep. 438, is much relied upon by the appellant, and may justify the doubt entertained in the court below. In that case the indictment, in a single count, charged the prisoner with forging a note and with uttering the same. It was urged that the indictment was bad for charging two distinct offenses in one count. There having been no de-murrer, it was held to be too late to raise the objection upon a motion in arrest of judgment. The learned judge, referring to sections 278 and 279 of the Code of Criminal Procedure, ob-served that "under the Code it is, perhaps, doubtful whether the two offenses of forgery and uttering the forged instrument could be properly united in the same indictment. The crimes are distinct, arising upon different acts, although each consti-tutes the offense of forgery in the second degree." Of course, the remark was unnecessary to the decision of the case at bar. But, giving it the full force it deserves as coming from so dis-tinguished a jurist, its application would be to a similar state of facts. In other words, it would be a violation of the Code to unite two offenses in a single count of an indictment, as was the rule at common law in fact. In this case the question turns upon the sufficiency of an indictment which, in separate counts, charges the crime to have been committed in one manner or the other, and such a practice we think not to be within the inhibition of the statute.

The judgment should be affirmed.

All concur.

### NOTE ON INDICTMENT.

An indictment, found before the Code of Criminal Procedure took effect, is to be construed without regard to its provisions. Jefferson v. People, 101 N. Y. 20; 3 N. Y. Cr. 575.

This Code has not changed a procedure in framing indictments which were previously sanctioned, unless its language, either expressly or impliedly, does so. People v. Adler, 55 S. R. 669; 140 N. Y. 331; aff'g 53 S. R. 936.