# Court of Appeals.

November 26, 1895.

## PEOPLE v. LEWIS ALTMAN.

(70 S. R. 66.)

1. Criminal law—Indictment—Duplicity.

> An indictment, which alleges the forging of an indorsement with intent to defraud a certain person by offering it to him in payment for goods purchased, charges but one offense and contains only the plain and concise statement of the act constituting the crime, which the statute requires.

2. Evidence—Forgery.

> Upon the trial of an indictment for uttering a forged check, evidence of other similar checks found upon the person of the defendant with the forged check counted upon, without any proof as to their handwriting or as to whether they were genuine or forged, is immaterial upon the question of intent.

3. Appeal—Harmless error.

> The rule that an error, committed upon a trial, may be overlooked when the party complaining is not injured thereby, is applicable only in cases where the error could by no possibility have produced injury.

Appeal from judgment of the general term of the supreme court in the third judicial department, entered upon an order, which affirmed a judgment of the court of sessions of the county of Warren, entered upon a verdict convicting defendant of the crime of forgery in the second degree.

A. Armstrong, Jr., for appellant.

Lyman Jenkins, for respondent.

BARTLETT, J.—The defendant was indicted as James Altman, but it was subsequently found that his name is Lewis Altman.

The indictment charged him with forging the check of James Altman for twenty-five dollars on the Glens Falls National Bank, and that with the intent to defraud one Rufus M. Cole he forged

upon the back thereof the indorsement of one Henry H. Bush, and offered same in payment for certain goods purchased of Cole.

The defendant demurred to the indictment upon the ground that more than one crime was charged therein. The demurrer was overruled and defendant required to plead, and we think properly. It is true the statute (Code of Criminal Procedure, §§ 278, 279) provides that the indictment must charge but one crime and in one form, except it may charge in separate counts the crime to have been committed in a different manner or by different means. We do not think this enactment in the Code of Criminal Procedure laid down a new rule, but was merely a codification of the existing law.

The Penal Code makes both the forging of an instrument (§ 511) and the uttering thereof, knowing it to be forged (§ 521), forgery in the second degree.

It may well be that one person may forge the instrument and another utter it, and it is evident that both acts should be deemed equally criminal.

In the indictment now before us the crime charged was the forgery of the indorsement of H. H. Bush, with the intent to defraud Rufus M. Cole. It charges but one offense, and contains only the plain and concise statement of the act constituting the crime which the statute requires. Code of Criminal Procedure, § 275.

The allegation that the defendant offered the check with the forged indorsement thereon to Cole in payment for goods purchased does not charge a separate offense, refers to one transaction, and avers a fact which the people were bound to prove before they could convict.

There is nothing in the previous decisions of this court laying down a different rule of criminal pleading.

The counsel for the defendant referred to two cases.

In People v. Tower, 135 N. Y. 457; 48 St. Rep. 438, the only point decided was that assuming the offenses of forgery and uttering the forged instrument could not be united in the same indictment the remedy is by demurrer, and where not so taken the objection is waived.

In People v. Adler, 140 N. Y. 331; 55 St. Rep. 669, the defendant was charged with the crime of forgery in the second degree, and the first count in the indictment charged him with forging a certain written instrument set forth, while the second count charged him with uttering it.

The defendant demurred and the demurrer was overruled; this court sustained the ruling.

It may very well happen that when the district attorney is drawing an indictment for forgery in the second degree he may be in doubt as to whether he can prove the forging, or the uttering, and it would be prudent and proper pleading to set forth the offense in two courts as in People v. Adler.

But in the case at bar the offense charged was, as already pointed out, the forging of an indorsement with the intent to defraud a certain person by offering it to him in payment for goods purchased, and there is nothing in either of the cases cited rendering improper to set forth such a state of facts in one count of the indictment.

While we have reached the conclusion that this conviction must be reversed on other grounds, we have dealt at length with the question presented on the demurrer to the indictment in order to settle a question of criminal pleading about which some confusion seems to exist.

When the prisoner was arrested the sheriff searched him and found upon his person not only the forged check and indorsement which are set forth in the indictment, but sundry other papers.

One paper purported to be the check of W. B. Miller, dated at Hudson, N. Y., September 6, 1894, drawn on the Farmers' National Bank for one hundred dollars and indorsed by H. H. Busch, being the same indorsement as appears upon the check set forth in the indictment. Another paper purported to be the check of W. B. Young, dated at Glens Falls, September 6, 1894, drawn on the Glens Falls National Bank for one hundred dollars; this check bore no indorsement.

Another paper contained nothing but the letters and words "H. H. Bush."

In addition to the above there were six blank checks, Merchants'

National Bank, Glens Falls, N. Y.; two on First National Bank, Saratoga Springs, N. Y.; one, Farmers' National Bank, Hudson, N. Y.

At the trial the district attorney offered in evidence the instrument set forth in the indictment and which had been rendered by the defendant to Rufus M. Cole, in payment for goods and the indorsement upon which had been proved a forgery.

While this paper was found upon the person of the defendant it was material, was fully proved and properly received, notwithstanding the objections of the defendant.

Thereupon the district attorney offered in evidence other papers found on the person of the defendant and which we have already described, without giving any proof as to their handwriting or as to whether they were genuine or forged.

The defendant's counsel objected in these words, viz.: " Defendant objects as immaterial and not set out in the indictment and incompetent."

The record then states :

" Objection overruled and papers received in evidence as marked as bearing upon the question of the intent with which the act was committed. Exception to the defendant."

These papers were exhibited to the jury, and it may very well be that the two checks duly filled out and already described were regarded by them as other instruments forged by the defendant, although no proof as to their character had been offered.

There was no attempt to bring the case within the rule laid down by this court, that upon the trial of an indictment for forgery by uttering a forged check, and as bearing upon the question of guilty knowledge of defendant, it is competent to prove the uttering by him of other forged checks upon other occasions. People v. Everhardt, 104 N. Y. 591; 5 St. Rep. 793.

It is impossible to say that the defendant was not prejudiced by these papers admitted against his objection. The rule that an error committed upon a trial may be overlooked when the party complaining was not prejudiced thereby is only applicable in cases where the error could by no possibility have produced injury. Stokes v. People, 53 N. Y. 164.

We think the papers were clearly incompetent evidence, and their admission was error, and the judgment of conviction should be reversed.

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.

See note to People v. McLaughlin, 11 N. Y. Cr. 68, on "Evidence of Similar Crimes."