THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD HURLBURT, Appellant.

*Grand larceny — proof of similar offenses not related nor contemporaneous is inadmissible.*

Where a person is indicted for the commission of the specific crime of grand larceny, proof of acts and transactions of a similar nature, not contemporaneous with the acts alleged in the indictment and not connected with them or with the testimony given in support of them, is inadmissible.

The indictment is all that the defendant is expected to come prepared to answer, and the introduction of evidence of other and extraneous crimes is calculated to take the defendant by surprise and to do him manifest injustice, by creating a prejudice against his general character.

APPEAL by the defendant, Edward Hurlburt, from a judgment of the Court of Sessions of the county of Oneida, entered in the office of the clerk of the county of Oneida on the 8th day of August, 1895, convicting him of the crime of grand larceny in the first degree.

The defendant was convicted of the crime of grand larceny in the first degree, alleged to have been committed in the city of Utica on the 14th day of December, 1893. The indictment charged that he " wrongfully, unlawfully and feloniously, did then and there embezzle and appropriate to his own use and did steal, take and carry away of said moneys, property, evidences of debt

and contract, articles of value, things in action and possession, the sum of $1,125." The defendant was sentenced to the Auburn State prison for the term of four years and nine months. The appeal book contained all the evidence given upon the trial.

On the 14th of April, 1888, Margaret C. Lovett gave to Jane E. Ferguson a bond and mortgage conditioned for the payment of $1,425, payable five years from May 1, 1888, with interest at six per cent, payable semi-annually, with payments on account of principal of not less than $100 a year from May 1, 1888. The bond and mortgage, after they were executed, were left with the defendant for about a year, and then they were taken by Mrs. Ferguson, and by her retained until about December, 1893, when they were again turned over to the defendant, and he collected principal and interest on the bond and mortgage as the payments came due, and during the first three years he sent $100 of principal and semi-annual interest to Mrs. Ferguson. Thereafter, upon receiving payments of principal upon the bond, he retained the same under an alleged agreement with Mrs. Ferguson, by which he was to pay her the interest upon the moneys until the spring of 1894, when a mortgage of $2,200, given by Mrs. Ferguson to one Mrs. Owen, matured. Mrs. Ferguson executed several receipts for principal and interest down to the payment of May, 1892. At about that time the defendant was taken sick and confined to his house, and in December, 1893, the defendant, being sick, was called upon by Mrs. Ferguson. At the trial it was claimed that Hurlburt came into possession of the moneys legitimately, and a grave question was made whether he had authority under an agreement, either express or implied, with Mrs. Ferguson, to use the money by him received, and whether the relation between them was that of principal and agent or was by her consent changed to that of debtor and creditor.

During the trial the People were allowed, against the objections and exceptions taken by the defendant, to introduce evidence of Louise Kilts and Charles H. Yates, tending to prove that the defendant, at some other times, had committed other crimes of a similar character to the one charged in the indictment. The evidence was received, and the trial judge, in the course of his charge to the jury, said of this evidence: "It was received for the

purpose of showing criminal intent in appropriating it to his own use, if you find that he did so appropriate it, and it is only as bearing upon that question that you have the right to consider this evidence."

*Jones & Townsend,* for the appellant.

*George S. Klock, District Attorney,* for the respondent.

HARDIN, P. J.:

Defendant was charged with the crime of grand larceny in that he had violated section 528 of the Penal Code. That section provides that a person shall be guilty of larceny, if with intent to deprive or defraud the true owner of his property "or to appropriate the same to the use of the taker," he, having "in his possession, custody or control, as a bailee, servant, attorney, agent, clerk, trustee or officer of any person, association or corporation, or as a public officer, or as a person authorized by agreement or by competent authority, to hold or take such possession, custody or control any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof." That section was explained and construed in *People* v. *Moore* (37 Hun, 84) and in *People* v. *Civille* (44 id. 498). Under that section the precise question for determination under the allegations of the indictment was whether the defendant had, with intent to defraud Mrs. Ferguson of her money, appropriated the same to his own use. That was the specified crime charged in the indictment and was the one he was called upon to meet at the trial thereof.

In *People* v. *Sharp* (107 N. Y. 458), DANFORTH, J., said : "It is indeed elementary law that no evidence can be admitted which does not tend to prove the issue joined, and the reason and necessity of the rule are much stronger in criminal than in civil cases for the observance of this rule and of confining the evidence strictly to the issue. The indictment is all that the defendant is expected to come prepared to answer. Therefore, the introduction of evidence of another and extraneous crime is calculated to take the defendant by surprise and do him manifest injustice by creating a prejudice

against his general character." The evidence of Mrs. Kilts and Mr. Yates were of acts and transactions not contemporaneous with the acts alleged in the indictment; nor did they have any connection with the transactions alleged in the indictment or disclosed by the evidence of Mrs. Ferguson. The evidence related to independent transactions quite remote from the one alleged in the indictment. We are of the opinion that the evidence of Yates and Kilts was prejudicial to the rights of the defendant, and that its reception and consideration by the jury were prejudicial to the defendant.

In *People* v. *Drake* (20 N. Y. Supp. 228) our views were expressed in respect to evidence of transactions in no way connected with the crime alleged in the indictment.

The learned district attorney calls our attention to *People* v. *Murphy* (135 N. Y. 451), which was a case where the defendant was convicted of the crime of arson in the third degree upon circumstantial evidence, and the evidence given that was the subject of criticism related to injuries to personal property "upon the same night that the fire occurred and by the incendiary and as a part of the same criminal scheme which resulted in the destruction of the barn." In that case the court observed : "Under such circumstances the evidence was competent. (*Hope* v. *People*, 83 N. Y. 427.) It very clearly tended to prove that the fire was not accidental; that its origin was instigated by malice and not from the desire of gain; that it was kindled by some person having the intimate knowledge of the defendant in regard to the situation of the property, and it was properly received even though it may have tended to establish the defendant's guilt of another crime than the one set forth in the indictment on trial." We think the case is quite unlike the one before us.

The learned district attorney also calls our attention to the case of *The People* v. *Harris* (136 N. Y. 423). In that case the evidence that was the subject of criticism was given for the purpose of showing the defendant's relations and feelings towards his wife as evidenced by his conduct on a given occasion. The evidence tended to show "that the defendant had ceased to hold his wife in such affection as the law presumes to exist from married relations." We think it is distinguishable from the case in hand. Nor do we think

anything found in the opinion in the case of *The People* v. *Wilson* (141 N. Y. 185) aids the district attorney. The transactions detailed by Yates and Kilts are remote from the transaction mentioned in the indictment; nor have they any intimate relation to the transaction with Mrs. Ferguson. The evidence was received contrary to the rules laid down in *People ex rel. Willis* v. *Justices, etc.* (10 Hun, 158).

In *Copperman* v. *People* (56 N. Y. 593), CHURCH, Ch. J., observed: "It is a general rule, and one that should be strictly observed, that it is incompetent upon the trial for one offense to prove that the accused has committed another not connected with it."

We ought not to say that the evidence thus improperly received was not prejudicial to the defendant. He was entitled to a trial of the precise offense alleged in the indictment, and the indictment did not call upon him to be ready to meet accusations remote in point of time or dissimilar in character to the one specifically charged in the indictment. (*People* v. *Wood*, 126 N. Y. 249, 254; *People* v. *Altman*, 147 id. 473, 477.)

The foregoing views lead to the conclusion that the conviction and judgment ought to be reversed and a new trial granted. Conviction and judgment of the Court of Sessions of Oneida county should be reversed, and a new trial granted, and the clerk directed to enter judgment and remit certified copy thereof, with the return and decision of this court, to the Court of Sessions of Oneida county pursuant to sections 547 and 548 of the Code of Criminal Procedure.

MARTIN and MERWIN, JJ., concurred.

Conviction and judgment of the Court of Sessions of Oneida county reversed and a new trial granted, and the clerk directed to enter judgment and remit certified copy thereof, with the return and decision of this court, to the Court of Sessions of Oneida county, pursuant to sections 547 and 548 of the Code of Criminal Procedure.