## PEOPLE v. GAGLIARDI.

(Supreme Court, Special Term, Westchester County. June 20, 1908.)

1. ELECTIONS—OFFENSES—INDUCING UNAUTHORIZED PERSONS TO VOTE—INDICTMENT.

Pen. Code, § 41l, subd. 4, provides that any person who procures, aids, assists, commands, or advises another to vote or offer to vote at an election or town meeting, knowing that such person is not qualified to vote thereat, is guilty of a felony. *Held*, that an indictment under such section charging defendant with having procured a person to do an unlawful act, to wit, to vote when he was not a qualified voter, was not defective for failure to allege in detail the acts or words by which defendant procured the persons to illegally vote or offer to vote.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 358.]

2. INDICTMENT AND INFORMATION—DUPLICITY.

Under the rule that, where a series of acts are enumerated in a statute as constituting the offense, the enumeration of the entire series in an indictment does not involve duplicity, though the commission of any one of the series would be sufficient to constitute the crime, an indictment for violating Pen. Code, § 41l, subd. 4, alleging that any person who procures, aids, assists, commands, or advises another to vote or offer to vote at an election or town meeting, knowing that such person is disqualified, is guilty of a felony, alleging that defendant did procure, aid, assist, and advise certain persons, not qualified to vote, to vote or offer to vote at a village election, was not duplicitous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, §§ 350–371.]

Frank M. Gagliardi was charged with violating the election law. On demurrer to indictments. Overruled.

Francis A. Winslow Dist. Atty., for the People.
David H. Hunt, for defendant.

TOMPKINS, J. I think the indictments are sufficient. In substance, they accuse the defendant with having feloniously advised, assisted, and procured certain persons who were not inhabitants of the village of White Plains to vote at a village election, and in violation of subdivision 4 of section 41*l* of the Penal Code, which reads:

"Any person who procures, aids, assists, commands or advises another to vote or offer to vote at an election or town meeting, knowing that such person is not qualified to vote thereat, is guilty of a felony."

The indictments allege the holding of the village election, and set forth the qualifications necessary to enable a person to vote thereat, and then allege that the defendant feloniously, etc., did procure, aid, assist, and advise the said ————, who was not an inhabitant and actual resident in the village of White Plains, but an inhabitant in and a resident of the town of Greenburgh, outside of the village of White Plains, to appear in his own proper person at the polling place in the Third Ward of the village of White Plains, while said election was being held, and to then and there unlawfully, etc., vote and offer to vote. They then charge that the defendant at the time knew that said ———— did not reside in the village of White Plains, and that he was not a qualified voter of said village.

The effect of the allegations of each indictment is to charge the defendant with having procured a person to do an unlawful act, viz., to vote or offer to vote when he was not a qualified voter. It is not necessary that the indictment should set forth in detail the acts or words of the defendant by means of which he procured the person to illegally vote or offer to vote. They are matters of proof to be given at the trial. In the McKane Case, 80 Hun, 322, 30 N. Y. Supp. 95, and Id 143 N Y. 455, 38 N. E. 950, the indictment charged a violation of the provision of the election law relative to the registration of electors, and charged that the defendant "did then and there maliciously, feloniously, unlawfully, willfully, and knowingly counsel, command, induce, procure, aid, and abet the said John W. Murphy, etc., to so neglect to have such lists and register of voters, and three certified copies thereof, at all reasonable hours accessible to the public for examination, and for making copies thereof." Nowhere in this indictment was there any specification of the acts or words or descriptions of the manner by which the defendant did "counsel, command, induce, procure, aid, and abet." This indictment was held to be good. To the same effect was the decision in the case of the People v. Clark, 8 N. Y. Cr Rep. 213, 14 N. Y. Supp. 642, in which case Judge Van Brunt, writing for the court, said:

"It is not the office of the indictment to set out the evidence, if the conclusions of fact are stated, which facts, if true, constituted a crime. That is all that is necessary. The evidence to establish these conclusions form no part of the indictment. The office of an indictment is to inform the defendant of

the reasons he is charged of a crime—not to inform the defendant what the evidence is which establishes the charge."

In the Corbalis Case, 178 N. Y. 516, 71 N. E. 106, which is cited by counsel for the defendant in support of this demurrer, the indictment charged that the defendants, "contrary to law, did engage, aid, assist, and abet in pool selling, and selling pools upon the result of a trial and contest of speed, and power of endurance of beasts"; and the Court of Appeals held that the indictment was insufficient, because it failed to state the facts constituting the crime charged, but the statute under which the defendants were indicted in that case expressly provided a number of ways by which the crime of pool selling, etc., can be committed, and Chief Justice Parker, writing the opinion of the court in that case, says:

"The statute under which defendants were indicted may be violated in a number of ways—by directly taking or placing a wager; by inducing others to go to a fixed place to wager; by renting a building to be used for the purpose of pool seeling, knowing that it is to be so used; by keeping and maintaining a building for that purpose, rented from others; by contributing the capital, with knowledge that another is to use it in the starting of the business of pool selling; by uniting in the formation of a corporation to be engaged in the selling of pools; by keeping watch to prevent those engaged in selling pools from being caught; by giving money to another to be placed; by assisting as a clerk, others engaged in selling pools."

Thus showing that in this and other ways the defendants might have committed acts constituting a violation of the statute, and the court held that, inasmuch as many different acts might constitute a violation of the statute under which the indictment was found, the indictment should specify the particular violations the defendant was called upon to meet.

The indictments now under consideration charge the defendant with having feloniously procured a person to do a certain and specific unlawful act, viz., to vote or offer to vote at an election when he was not a qualified elector, and it seems to me is quite similar to an indictment for subornation of perjury, which is defined by section 105 of the Penal Code, as follows:

"A person who willfully procures or induces another to commit perjury, is guilty of subornation of perjury."

And the common form of an indictment for that offense is to charge it in the language of the statute without pleading the acts constituting the "procuring and inducing."

The further claim is made that these indictments are void for duplicity, in that they allege that the defendant did (1) procure, (2) aid, (3) assist, (4) advise, and that the doing of either constitutes a crime, and hence that four distinct crimes are alleged. I think the claim is untenable, because it is the settled law that, where a series of acts are enumerated in a statute as constituting the offense, the enumeration of the entire series in an indictment does not involve duplicity, even though the commission of any one of the series would be sufficient to constitute the crime. People v. Harris, 123 N. Y. 76, 25 N. E. 317. And in the case of Bork v. People, 91 N. Y. 5, the court said:

"The indictment charges in the conjunctive that the defendant, with intent to defraud, did feloniously and wrongfully obtain, receive, convert, and dispose of the bonds mentioned. The statute is pointed against the criminal misapplication of public funds or property. The offense may be committed in any one of the several ways mentioned; that is, by receiving, obtaining, converting, etc., such funds or property wrongfully, with intent to defraud. It was not necessary to prove that the defendant did all the specific acts charged in the indictment to justify a conviction. It was sufficient to prove that he did any one of the acts constituting the offense. Where an offense may be committed by doing any one of several things, the indictment may in a single count group them together, and charge the defendant to have committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others.

In the case of the People v. Davis, 56 N. Y. 95, where the indictment was for an abortion, the court said:

"It will be seen that the count charges the use of different means to perpetrate the crime, the miscarriage of the woman, and in consequence of them all that the death of the child and the woman were affected, charging all as constituting a single felony. The law sanctions this method of pleading in criminal cases."

To the same effect are the decisions in the People v. Altman, 147 N. Y. 473, 42 N. E. 180, and People v. Herlihy, 66 App. Div. 534, 73 N. Y. Supp. 236, and Id., 170 N. Y. 584, 63 N. E. 1120.

My conclusions are that the indictment charges only one crime, and that it sufficiently states the acts constituting that offense. The demurrer is therefore overruled.