STATE *v.* RAMAGE

No. 2817

August 6, 1928.                    269 P. 489.

*J. E. McNamara*, for Appellant:

*M. A. Diskin, Wm. J. Forman, L. D. Summerfield* and *Harlan L. Heward,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

The defendant was convicted of forgery and has appealed. He contends that the check alleged to have been forged was not proven such, and in this connection asserts that the court erred in admitting in evidence Exhibits B, C, D, E, F, and G.

Section 6663 of the Revised Laws defines forgery, so far as here material, as follows:

"Every person who shall falsely make * * * any * * * check * * * or shall utter, * * * pass * * * as true and genuine, any of the above-named false * * * knowing the same to be false, * * * with intent * * * to defraud * * * shall be deemed guilty of forgery. * * *"

Leo Hogan, the person whose name purported to have been signed to the check in question, had known the defendant slightly in Salt Lake City some years ago and had met him on several occasions in Reno shortly before the check was passed. He appeared as a witness for the state and testified that he did not sign the check and that he had never seen it prior to its passage, and had never had an account in the bank on which it was drawn. An officer of the bank testified that the purported maker of the check had never had an account with the bank.

The defendant went upon the stand and gave testimony in his own behalf, but he did not testify that he

received the check in question from Hogan, or that Hogan signed it or had authorized him or any one else to sign his name thereto, though it was made payable to him. While in jail he sent for Mr. Heward, the deputy district attorney, and this officer testified that the defendant told him that the signature was actually that of Hogan.

Exhibit B, a forged check, which was refused payment by the bank upon which it was drawn, was admitted in evidence without objection. Exhibit E was a sheet of paper upon which the witness Hogan wrote his name several times in the presence of the court and jury, during the trial, and was admitted without objection. Exhibit F, according to the testimony of witness Heward, was admitted by the defendant to be a bad check. No objection was made to its admission in evidence. Exhibit G was a check which the defendant passed in Lovelock about the time the other checks were cashed. The witness Heward testified that the defendant admitted to him that it was a "bad check." Exhibits C and D were checks which were found in the possession of the defendant at the time of his arrest. There was no proof that the two last-named checks were forged instruments, or that they could have been or were used fraudulently in any way. When offered, these exhibits were objected to.

██ As to all of the exhibits except the last two no error was committed. No error could have been committed as to those concerning which no objection was made, and had there been an objection as to Exhibit E it would not have been good. 26 C. J. 969. As to Exhibit G, there being the undisputed testimony of defendant's admission that it was a "bad check," it was admissible on the question of intent.

█ The objection should have been sustained as to Exhibits C and D, as no evidence whatever was introduced as to their being forgeries, and it was held in People v. Altman, 147 N. Y. 473, 42 N. E. 180, that the admission of checks under such circumstances was reversible error.

But while the court erred in admitting these exhibits, we cannot say that the judgment should be reversed for that reason. We do not think the New York case is any aid to us in determining whether the judgment should be reversed. From a reading of that opinion it appears that the rule in that jurisdiction is that the appellate court must be able to say when an error has been committed that no prejudice resulted. This is evident from the following sentence: "It is impossible to say that the defendant was not prejudiced by these papers. admitted against his objection." With us the contrary is the rule.

Section 7469, Revised Laws, provides inter alia that a judgment should not be set aside or a new trial granted on the ground of improper admission of evidence, unless in the opinion of this court it shall appear that such error has resulted in a miscarriage of justice, or has actually prejudiced the defendant in respect to a substantial right. From a consideration of this section it will be seen that in Nevada it must affirmatively appear that there has been a miscarriage of justice or that a defendant has been actually prejudiced.

█ Exhibits A, B, and F were bad checks proven beyond dispute to have been used by the defendant in obtaining money. He does not contend that they were good. His defense, so far as his evidence is concerned, goes solely to the proposition that he did not intend to defraud any one. Of course intent is a mental state, and, so far as the State is concerned, must be shown from the facts and circumstances, but there are certain presumptions which arise from a given state of facts. It is laid down as a rule of law that the possession of forged paper by the accused with a claim of title thereto, unexplained, raises a conclusive presumption that he forged it. 26 C. J. 961.

Pursuant to this rule, the check being payable to the defendant, he must show to the satisfaction of the jury that there was no intent on his part to defraud. He sought to do this by a long rambling statement of his own good intentions, that he could have gotten

money without resort to forgery, and the like, had he appealed to his friends in Salt Lake City, and that the checks were issued while drinking. He did testify that shortly after his arrest he or his attorney wrote to two friends in Salt Lake City and that they had not replied because they were out of the city. So far as it appears from the testimony, they had not at the time of the trial written offering assistance, nor had he made good the different amounts received on the three bad checks, as it seems he would have done had his intentions been good and his testimony been well founded. In the circumstances we do not think the record affirmatively shows that the defendant was prejudiced by the erroneous ruling of the court.

It is claimed that the hotel which cashed the check did not rely on the purported maker of the check for protection, but upon the defendant, and hence no crime was committed. The statute defines the elements of the crime of forgery, and no such exception is embraced therein. The violation of the terms of the statute made the crime complete.

Perceiving no prejudicial error in the record, it is ordered that the judgment be affirmed.