**Clyde E. POOLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17843.**

Court of Criminal Appeals of Oklahoma.

March 21, 1973.

Jones, Atkinson, Williams, Bane & Klingenberg, Enid, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Clyde E. Pooler, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County, Case No. CRF–72–133, for the offense of Forgery in the Second Degree. His punishment was fixed at three (3) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Mary Conn testified that she was employed at the Community National Bank and Trust Company. On February 4, 1972, the defendant opened a savings account with her, depositing Ten Dollars ($10.00).

Marilyn Vinson testified that she was employed at Community National Bank as a loan clerk and that on February 4, 1972, the defendant came to her window to cash a check in the amount of Two Hundred Forty-nine Dollars and Nineteen Cents ($249.19), wanting to deposit Twenty Dollars ($20.00) in his savings account and to receive the rest in cash. She identified State's Exhibit No. 1 as the check the defendant attempted to cash. State's Exhibit No. 1 reflected the maker to be a Thomas D. Anderson and the payee the defendant. She testified that she refused to cash the check because the account number was invalid, there being no such account at Central National Bank. The defendant left stating that he would "go out and look up the guy that gave him the check."

Sharon Pray testified that on February 4, 1972 she was employed as a teller at the drive-in window of Community National Bank. At approximately 1:15 p. m., the defendant presented State's Exhibit No. 1 at her drive-in window. She testified that she deposited Fifty Dollars ($50.00) into the defendant's savings account and gave the balance of the money to him in cash. After cashing the check, she called Central National Bank about the check and discovered that there was no such account number and turned the check over to the cashier. The following Monday, the defendant appeared at her drive-in window and presented a check in the amount of One Thousand One Hundred Thirty Dollars ($1,130.00). The defendant stated that he wanted to deposit part of the check in his savings account and receive Nine Hundred Dollars ($900.00) in cash. Recognizing the defendant as the same person who had passed the earlier check, she contacted the assistant cashier and was instructed to make the transaction. Two male employees of the bank came to her drive-in window and asked the defendant for the keys to the ignition of his automobile and held him until the officers arrived.

R. S. Baker, Jr. testified that he was operations officer at Central National Bank and had the care, custody and control of bank records. He testified that the account number on the first check, State's Exhibit No. 1, was not a valid checking account number and that there was no checking account at his bank in the name Thomas D. Anderson. He further testified that the number on the second check, State's Exhibit No. 2, was not a valid checking

account number and that there was no checking account with his bank in the name of the purported maker, William C. Ashton.

The first proposition asserts that "the verdict is contrary to both the law and the evidence and that it was not proved that the check was forged." Defendant argues that the State failed to prove that the check was made with an intent to defraud another and that the defendant passed the check with the intent to utter it with the knowledge that it was forged. We are of the opinion that the testimony adduced that the check was, in fact, a forged instrument. R. S. Baker testified that the check was drawn on a non-existent account number and that the person whose name appeared as the maker of the check had no checking account at the Central National Bank. The question of whether the defendant had guilty knowledge that the check was forged was properly submitted to the jury for its determination. In Hurley v. State, Okl.Cr., 416 P.2d 967, we stated in the second and third paragraphs of the Syllabus:

"The question of guilty knowledge and whether there was an intent to defraud, are questions for the jury to decide under the circumstances, and proof of this fact may be made by circumstantial, as well as direct, testimony.

"Guilty knowledge that an instrument is forged may be found if the jury is satisfied from the facts and circumstances shown by the testimony that the defendant had reason to believe it was forged; but the inference is for the jury, and does not follow of necessity."

The final proposition contends that the trial court committed error in instructing the jury on certain matters of law. We need only observe that defendant did not object to the instructions given by the court nor were any requested instructions submitted. We have consistently held that where counsel is not satisfied with instructions that are given, or desires the court to give any particular instructions, or to more definitely or sufficiently state any proposi-

tions embraced in instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given. In the absence of such request, the Court of Criminal Appeals will not reverse a case if instructions generally cover the subject matter of inquiry. Schapansky v. State, Okl.Cr., 478 P.2d 912. We are of the opinion that the trial court's instructions generally covered the subject matter of inquiry. The judgment and sentence is, accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.