JACQUELYN MARINE PATIN, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9267

December 21, 1976                    557 P.2d 708

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, *Rimantas A. Rukstele* and *Al Matteucci,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Jacquelyn Marine Patin was ordered to stand trial for forgery, a felony under NRS 205.090. Patin then filed a pretrial petition for a writ of habeas corpus contending there was insufficient evidence produced at the preliminary examination to establish probable cause that she committed the charged offense. The district court denied habeas and in this appeal Patin reurges the same contention.

NRS 205.090 provides, among other things, that any person who (1) passes or attempts to pass, as true and genuine, a forged or false instrument, (2) knowing it to be forged or false, (3) with intent to defraud, is guilty of forgery. The thrust of

Patin's argument is that the state failed to establish that she knew the instrument she allegedly attempted to pass was a forgery; hence, there is no direct proof that she harbored the necessary intent to defraud.

The record establishes, *inter alia,* Patin attempted to purchase an airline ticket from United Airlines in Las Vegas with a $500 money order that had been stolen from a Los Angeles, California bank. Patin signed her own name on the payee line of the instrument; the signature of "J. J. Jones" appeared as maker. No testimony appears explaining how Patin acquired the money order.

However, where one in possession of a forged instrument seeks to pass it, as here, it is permissible to infer, for the purpose of establishing probable cause, that she acted with the fraudulent intent necessary to support a charge of forgery. NRS 47.250(1). See State v. Ramage, 51 Nev. 82, 269 P. 489 (1928), which held that analogous facts established "a conclusive presumption" that the accused committed the forgery. See also, State v. Ogden, 502 P.2d 654 (Kan. 1972).

Accordingly, we believe that the evidence in the record justified the magistrate's determination that there was probable cause to hold the accused for trial. Perkins v. Sheriff, 92 Nev. 180, 547 P.2d 312 (1976). We are not now concerned with the prospect that such evidence may, by itself, be insufficient to support a conviction. McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

Affirmed.