Robert Lee HENSLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–922.

Court of Criminal Appeals of Oklahoma.

May 17, 1977.

Thomas W. Burns, Deputy Chief Public Defender, Clarke L. Randall, Appellate Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The appellant, Robert Lee Hensley, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–75–2790, with the offense of Uttering a Forged Instrument, in violation of 21 O.S.1971, § 1592. Trial by jury was waived and the defendant was tried by stipulation on the transcript of the preliminary hearing. The trial court found the defendant guilty, and a judgment and sentence was entered wherein the defendant received an eighteen (18) month suspended sentence. From said judgment and sentence the defendant has perfected this timely appeal.

Briefly stated, the evidence presented at the preliminary hearing was as follows. Charles Andrew, the owner of a used car

business in Tulsa, identified State's Exhibit No. 1 as a company check made payable to Robert L. Hensley. The check bore the signature of "E. L. McCutchen," was endorsed by the payee and was dated November 3, 1975. The witness testified that the business check had been stolen in the middle or latter part of October, that he was the only person authorized to execute the business checks, that he did not sign the name "E. L. McCutchen" and that he gave no one permission to sign it. He further testified that he did not know the defendant.

The State's last witness, Shirley Ramsey, then testified that on November 3, 1975, she was employed at the Sunrise Food Market in Sand Springs, and cashed the check for the defendant. She further testified that she had cashed other checks for the defendant and that when he presented the subject check he did nothing that would indicate to her that he knew the check was forged. The State then rested and the defendant demurred, presenting no testimony on his own behalf.

The sole assignment of error raised by the defendant is that the verdict was not sustained by sufficient evidence, since there was no evidence presented by the State proving actual knowledge on the part of the defendant that the check was forged as required by the provisions of 21 O.S.1971, § 1592, which reads as follows:

"Every person who, with intent to defraud, utters or publishes as true any forged, altered or counterfeit instrument or any counterfeit gold or silver coin, the forging, altering or counterfeiting of which is hereinbefore declared to be punishable, knowing such instrument or coin to be forged, altered or counterfeited, is guilty of forgery in the second degree."

■ It has long been the law in Oklahoma and other jurisdictions that there is sufficient evidence, if believed by the trier of fact, to convict a defendant of uttering a forged instrument when it is proved that a defendant attempted to utter an instrument which is, indeed, forged. Unless satisfactorily explained, there is circumstantial evidence that the defendant knows that the instrument is forged or that he aided and abetted in its forgery. See, *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Pooler v. State,* Okl.Cr., 508 P.2d 658 (1973); *Boyd v. State,* Okl.Cr., 507 P.2d 601 (1973); *State v. Young,* 203 Kan. 296, 454 P.2d 724 (1969); *State v. Jarvis,* 201 Kan. 678, 443 P.2d 272 (1968); and, *State v. Ramage,* 51 Nev. 82, 269 P. 489 (1928). The Supreme Court of Kansas succinctly stated the law when it said in *State v. Young,* supra, 454 P.2d at page 730:

"  .  .  . The principle is well established that possession of a forged instrument by one who utters or seeks to utter it, or otherwise to realize on it or profit by it, without a reasonable explanation of how he acquired it, warrants an inference that the possessor himself committed the forgery or was a guilty accessory to its commission.  .  .  ." (Citations omitted)

The Supreme Court of Kansas, in the same opinion, went on to say that the reasonableness of any explanation of acquisition was a question for the trier of fact.

■ The evidence in the instant case showed that Andrew did not know the defendant, that Andrew was the only person authorized to sign the check, and that the check had been recently stolen in a burglary. Considering these circumstances, there is competent evidence reasonably tending to sustain the allegations of the information. The trial court did not err in failing to sustain the demurrer to the evidence.

■ From an examination of the record as a whole it is our opinion that the defendant received a fair and impartial trial, that no substantial right of the defendant was prejudiced, and that the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.