An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVIS FABIAN ANDERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63721

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of forgery. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant Davis Fabian Anderson claims that insufficient evidence supports his conviction because the State failed to provide direct proof that the check upon which the forgery charge was based was in fact a forgery. He claims that the only evidence of the check's status came from hearsay testimony that the casino flagged the check. He argues that this element of the crime could only be found by inferring from the hearsay testimony that the check was flagged because it was a forgery and by presuming that the hearsay testimony about the check's status was true. And he asserts that guilt founded on inferences made from inferences or presumptions based on other presumptions is unconstitutional.[1]

---

[1]To the extent that Anderson also claims that he was entitled to evidentiary presumptions pursuant to NRS 47.250, he did not seek these presumptions in the court below and we decline to consider them for the first time on appeal.

SUPREME COURT
OF
NEVAOA

(O) 1947A

14 - 11404

We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). "NRS 205.090 provides, among other things, that any person who (1) passes or attempts to pass, as true and genuine, a forged or false instrument, (2) knowing it to be forged or false, (3) with intent to defraud, is guilty of forgery." *Patin v. Sheriff*, Clark Cnty., 92 Nev. 673, 674, 557 P.2d 708, 708 (1976).

The jury heard testimony that Anderson admitted to Police Officer Mario Perez, Jr., that he knew that the checks were bad and that they were going to cash them. Valeria Gonzalez testified that she, Anderson, and an unidentified male met with a third unidentified male. The third male handed Anderson a stack of papers and told him "[t]hat he would be able to cash the checks at a Walmart, this stack, and then tomorrow he would be good to cash the others."[2] They then traveled to the Bighorn Casino, where Anderson handed her a check and told her to cash it. Gonzales saw her name and address on the check, but she did not recognize the name of the company that was identified as the drawee. She knew that it was not her check and that she would not be able to cash it because she did not work for that company. And, when she attempted to cash the check, she was detained by security guards. The guards called the police and stated that they had placed a female in custody for trying to

_____

[2]The record indicates that this statement was admitted pursuant to NRS 51.035(3)(e) (a statement offered against a party that was made by a coconspirator of the party during the course and in furtherance of a conspiracy is not hearsay).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

cash a bad check. The police impounded the check and it was later admitted into evidence.

We conclude that a rational juror could reasonably infer from this evidence that the check Anderson attempted to pass was a forged or false instrument. *See* NRS 205.090; NRS 205.110; *see also Doyle v. State*, 112 Nev. 879, 892, 921 P.2d 901, 910 (1996) (describing the independent proof necessary to satisfy the corpus delicti rule), *overruled on other grounds by Kaczmarek v. State*, 120 Nev. 314, 333, 91 P.3d 16, 29 (2004). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Jessie Elizabeth Walsh, District Judge
      Michael H. Schwarz
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk