Filed April 22, 1887.

---

No. 13,713.

## BROWN v. THE STATE.

CRIMINAL LAW.—*Involuntary Manslaughter.*—*Indictment.*—Where, from the facts charged in an indictment, the inference arises that death resulted involuntarily, while the accused was engaged in the commission of an unlawful act, it is not necessary to state in terms that the killing was

involuntary or unintentional, in order to constitute a charge of involuntary manslaughter.

SAME.—*Instruction.*— *Withdrawing One Count of Indictment from Consideration of Jury.*—Where an indictment is in two counts, the first charging voluntary manslaughter, and the second involuntary manslaughter, and there is no evidence to justify the conclusion that the defendant intended to kill the deceased, an instruction, in effect withdrawing the first count from the consideration of the jury, is not erroneous.

From the Pike Circuit Court.

. *E. A. Ely* and *J. W. Wilson*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

MITCHELL, J.—The appellant was tried and found guilty of the crime of involuntary manslaughter. He was sentenced to two years' imprisonment in the State's prison.

It is now claimed on his behalf, that the verdict is contrary to law, in that the indictment, which is in two counts, charged him in both counts with the crime of voluntary manslaughter ; hence it is said, his conviction of the crime of involuntary manslaughter was illegal.

The first count of the indictment charges voluntary manslaughter in express terms. The second count charges that the defendant did, on a date named, " unlawfully, feloniously and wilfully touch, beat, bruise and strike down, upon a brick pavement, in a violent manner, and with great force, Calvin Howard, from which striking down, and the falling upon the pavement, he, the said Calvin Howard, then and there and thereby, received a mortal wound on his head," from the effect of which death instantly ensued. Thus, the indictment concludes: The defendant did feloniously, etc., kill and murder Calvin Howard.

The concession is made by the attorney general, as it must have been under the authorities, that if the second count of the indictment is a charge of voluntary manslaughter, the conviction can not be maintained.

The argument on the appellant's behalf is, that because it

is charged in the second count that the defendant did unlaw-
fully, feloniously and wilfully touch, beat, bruise, strike, etc.,
the killing was intentional, and hence not involuntary.

The distinction between voluntary and involuntary man-
slaughter is plainly apparent in the statute, and has often
been stated in the decisions of this court.  To constitute in-
voluntary manslaughter, the death of a human being must
have resulted involuntarily, that is, unintentionally and
without malice, express or implied, from some unlawful act,
in the commission of which the accused was at the time en-
gaged; while voluntary manslaughter consists in the volun-
tary or intentional killing of a human being without malice,
express or implied, upon a sudden heat.  *Norton* v. *State*, 98
Ind. 347; *Luck* v. *State*, 96 Ind. 16; *Adams* v. *State*, 65
Ind. 565; *Bruner* v. *State*, 58 Ind. 159.

It does not follow from the charge that the accused unlaw-
fully, purposely and intentionally struck the deceased with
great force, causing him to fall upon a brick pavement, that
he thereby intended to kill him, nor does the indictment
charge any intention to kill.  The charge is, that the strik-
ing was unlawful, felonious, wilful, etc.

The second count, therefore, charged, in substance, that
while the defendant was engaged in committing an unlawful
assault and battery upon the deceased, the latter was stricken
to the pavement, from which striking down and the falling
upon the pavement death resulted.  While it appears that
the striking was intentional and unlawful, there is nothing
charged in the indictment either as to the weapon employed
or other circumstance, from which it can be inferred that
there was any intention to take the life of the deceased.
Where, from the facts charged in the indictment, the infer-
ence arises that death resulted involuntarily, while the ac-
cused was engaged in the commission of an unlawful act, it
is not necessary to state in terms that the killing was invol-
untary or unintentional, in order to constitute a charge of
involuntary manslaughter.  The plain inference from the

facts charged in the second count is that death was not intended, although the striking was unlawful and intentional. The verdict was, therefore, not contrary to law.

The appellant complains that the court's instructions to the jury, on the subject of the defence of one's person, did not state the law correctly.

There is no merit in the objections made to the instructions. They presented the law of the case to the jury in such a manner as to leave no room for complaint on the part of the appellant. There was no element of self-defence in the case.

The evidence tends to show that the deceased and the accused were in a saloon. The deceased, a small man, in delicate health, " patted," or, as the appellant testified, " slapped " the latter on the cheek in an apparently playful manner with his hand. There was no quarrel, and, so far as appears, no intention on the part of the deceased to provoke or affront the accused. The latter thereupon, in resentment of the fancied insult, and under no pretence of protecting his person, struck the deceased with his fist, or, as some of the witnesses say, pushed him violently, causing him to stagger and fall backwards out of the door-way, which was elevated some distance above the street pavement. The deceased in falling struck the back of his head upon the stone or brick pavement, causing a fracture of the skull, from which injury he died a few hours after suffering the fall.

This evidence afforded no basis for anything akin to the defence of one's person.

The appellant complains that the court, in its second instruction, told the jury, that under the law and the evidence, there could be no conviction of the defendant for voluntary manslaughter under the first count in the indictment; that if he was guilty at all, he was guilty under the second count.

As the theory of the defence was that whatever the accused did, was for the purpose of resenting an insult, or to protect his person, and that he had no intention to take the

life of the deceased, it is not perceived how the instruction, even if erroneous, was harmful to the appellant. While the evidence shows a most rude and unprovoked assault by the appellant, upon a man in delicate health, and much smaller in stature than his assailant, we are of opinion that it fully justified the court in withdrawing, as the instruction in effect did, the first count from the consideration of the jury. There was no evidence to justify the conclusion that the appellant intended to kill the deceased.

The evidence supports the verdict of the jury, and there was no error in overruling the motion in arrest of judgment.

Judgment affirmed, with costs.

Filed April 22, 1887.