The State *v*. Fidler.

---

THE STATE *v*. FIDLER.

[No. 18,165.   Filed June 11, 1897.]

CRIMINAL LAW.—*Indictment.*—*Duplicity.*—Where a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punishable alike, the whole may be charged conjunctively in a single count without objection for duplicity.

From the Tippecanoe Circuit Court.   *Reversed.*

*W. A. Ketcham*, Attorney-General, *Merrill Moores, C. E. Thompson* and *D. E. Storms*, for State.

*R. P. De Hart* and *Kumler & Gaylord*, for appellee.

HACKNEY, J.—The indictment herein charged that the appellee at, etc., "did  *  *  *  falsely, fraudulently and feloniously make, forge, counterfeit, and utter a certain promissory note  *  *  *  with intent then and there and thereby to feloniously, falsely, and fraudulently defraud," etc.  The lower court sustained the appellee's motion to quash the indictment upon the contention that two distinct offenses were charged, namely, forging a promissory note, and uttering a forged promissory note.

The statute, section 2354, Burns' R. S. 1894, provides that "Whoever falsely makes or assists to make, defaces, destroys, alters, forges, counterfeits, * * * any record * * * promissory note * * * · or any other instrument of writing with intent to defraud any person, body politic or corporate; or utters or publishes as true any such instrument, * * * knowing the same to be false," etc., "with intent to defraud any person, body politic or corporate—shall be imprisoned in the state prison," etc.

It will be observed that under this statute any one of numerous separate and distinct acts will constitute the crime against which a single punishment is provided. Under former statutes any of the enumerated acts, including that of uttering a forged note, constituted the crime defined as forgery, but, under the present revision, in the economy of words, the crime constituted by the commission of any of the acts enumerated, is not named. Intent to defraud is now and always has been of the essence of the offense sought to be restrained, and any of the acts enumerated, if committed with that intent, is forgery. The rule in this State and elsewhere is that when a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count without objection for duplicity. *State* v. *Sarlls,* 135 Ind. 195; *Hobbs* v. *State,* 133 Ind. 404; *Marshall* v. *State,* 123 Ind. 128; *State* v. *Stout,* 112 Ind. 245; *Mergentheim* v. *State,* 107 Ind. 567; *Fahnestock* v. *State,* 102 Ind. 156; *People* v. *Leyshon,* 108 Cal. 440, 41 Pac. 480; *Sprouse* v. *Commonwealth,* 81 Va. 374, *State* v. *Murphy,* 17 R. I. 698, 24 Atl. 473; *Crain* v. *United States,* 162 U. S. 625; *People* v. *Altman,* 147 N. Y. 473; *Rex* v. *Horne,* Cowp. 672.

In the case of *People* v. *Leyshon, supra,* under a stat-

The State *v*. Fidler.

ute similar to that quoted above, the indictment charged the forging of a promissory note on one day, and the uttering thereof on the next day, and the court held it not bad for duplicity, invoking the rule above stated.

In *People* v. *Altman, supra,* under a like statute, the indictment, which charged the forgery of a check, an endorsement thereof, and an offering of the same for goods purchased, it was held to charge but one offense and referred to but one transaction.

In *Sprouse* v. *Commonwealth, supra,* the indictment charged the forgery of a check and of an endorsement thereof, and it was held that as the two acts were part of one endeavor, one transaction, the charge was not double. Of a like character is *Rex* v. *Bowen,* 1 Denison Crown Cases, 23.

In *Rex* v. *Horne, supra,* it was held proper to charge in one count the writing, publishing, and causing to be published a libel, the doing of any one of which acts constituted the offense of libel.

While the cases specially noticed might support the proposition that separate and distinct acts of forging and uttering might be charged in one count without duplicity, and admit of conviction upon proof of either act, we are not here required so to decide. Here the charge appears to have been of one endeavor, a continuous transaction to defraud the party to whom the utterance was made. There is no allegation of knowledge of the forgery, but, accepting the contention of the appellee that the allegations that he forged the note were equivalent to a charge of knowledge, the burden of the charge would then rest in the efforts to defraud by the utterance of the forged note.

The judgment of the lower court is reversed with instructions to overrule the appellee's motion to quash the indictment.