Rosenbarger v. State.

---

ROSENBARGER v. THE STATE.

[No. 19,130.   Filed April 4, 1900.]

CRIMINAL LAW.—*Indictment.—Duplicity.—Administering Poison.*— Under the provision of §1919 Horner 1897 making it a crime to administer or procure to be administered any poison to another human being, the State in charging the accused with having violated its provisions may in a single count of the indictment, by using the conjunction *and* instead of *or*, as employed in the statute, charge the commission of as many prohibited acts as may be deemed necessary to render the indictment applicable to the evidence without rendering it bad on account of uncertainty or duplicity. *pp. 426-428.*

SAME.—*Indictment.—Administering Poison.*—An indictment charging that defendant unlawfully, feloniously and with premeditated malice administered poison with intent to kill and murder is not bad for failing to state the quantity of the poisonous drug administered. *p. 428.*

EVIDENCE.—*Weight.—Criminal Law.*—It is the province of the trial court to weigh and determine the credibility to be given the evidence introduced, and the Supreme Court will not disturb the judgment on the weight of the evidence where there is evidence, if worthy of belief, sufficient to sustain the finding upon every material point. *pp. 429, 430.*

| 154 | 425 |
| 156 | 635 |

| 154 | 425 |
| f157 | 552 |

| 154 | 425 |
| 161 | 672 |
| 162 | 557 |

| 154 | 425 |
| f170 | 539 |

From the Gibson Circuit Court. *Affirmed.*

*C. A. Buskirk* and *J. W. Brady,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *James Kilroy,* for State.

JORDAN, J.—Appellant was charged by indictment with the crime of administering poison to one Alva Rosenbarger with the felonious intent to kill and murder. A trial by the court resulted in finding her guilty as charged, and her punishment was fixed at imprisonment for a term of seven years, and over her motion for a new trial she was sentenced accordingly.

The errors assigned are predicated upon overruling the motion to quash the indictment and in denying the motion for a new trial. The charging part of the indictment is as follows: "That one Rebecca Rosenbarger, late of said county, on the 6th day of November, A. D. 1898, at the county and State aforesaid, did then and there unlawfully, feloniously, and with premeditated malice, administer and procure to be administered to one Alva Rosenbarger a certain poison, to wit, hydrate of chloral, with intent then and there and thereby, him, the said Alva Rosenbarger, feloniously, purposely, and with premeditated malice, to kill and murder."

The crime charged is defined by §1992 Burns 1894, §1919 R. S. 1881 and Horner 1897: "Whoever administers, or procures to be administered, any poison to any other human being, or mingles poison with any food, drink, or medicine, with intent to kill or injure the person to whom the same shall be administered, if death do not ensue, upon conviction thereof, shall be imprisoned in the State prison not more than fourteen years nor less than three years."

It is urged by appellant's learned counsel that the court ought to have quashed the indictment because it is open, as they insist, to the following objections: (1) It is bad because of duplicity; (2) it is self-contradictory; (3) it is

uncertain; (4) it charges the crime to have been committed by the administration of poison without specifying what quantity of the drug was administered.

It will be observed that the statute upon which this prosecution is based declares disjunctively that it shall be a crime: (1) For any one to administer any poison to any other human being. (2) To procure any poison to be administered to any other human being with intent, etc. So far as this case is concerned it may be said that the statute in question makes it a crime to do any one or both of two acts, namely, to administer the poison, or to procure the same to be administered. These acts under the statute are punishable alike.

The indictment, as it will be seen, charges conjunctively that appellant did "administer and procure to be administered to one Alva Rosenbarger a certain poison, etc." The violation of the statute in controversy by any one, in respect to either or both of these forbidden acts, constitutes but a single offense, and subjects the violator upon conviction to the penalty therein provided. In fact it may be asserted that the proper construction to be placed upon a penal statute of the character of the one here involved is that where a person in one transaction commits any or all of the forbidden acts, he thereby violates the provisions of the statute but once, and incurs upon conviction the one penalty. This construction has been frequently adopted and followed by this court in cases where a statute of the character of the one in question was involved. In such a statute, the State, in charging the accused with having violated its provisions, may in a single count of the indictment, by using the conjunction *and*, as was done in the pleading in this case, in place of *or*, as employed in the statute, charge the commission of as many of the prohibited acts as may be deemed necessary to render the indictment applicable to the evidence, without making it subject to the charge that it is bad on account of duplicity, uncertainty, or that it is con-

tradictory. On the trial of such a prosecution, if any one or all of the acts so charged to have been committed by the defendant be proved, he will be convicted, and will incur the punishment provided by the law. It certainly is not true, as insisted by counsel for appellant, that it was utterly impossible for appellant in one transaction to both administer and procure the poison to be administered to the person charged in the indictment. The word "procure" is employed in the statute in the sense of cause. That a person may in the same transaction both administer poison and cause the same to be administered to another person is surely not an impossible feat.

The rule which we assert in respect to the question as involved in this appeal is well affirmed by the decisions of this court and by many other authorities. *State* v. *Kuns*, 5 Blackf. 314; *State* v. *Slocum*, 8 Blackf. 315; *Fahnestock* v. *State*, 102 Ind. 156; *State* v. *Fidler*, 148 Ind. 221, and cases there cited; 1 Bishop's Crim. Proc. §436.

There is no merit in the fourth objection made to the indictment. As a matter of pleading it was not essential, to constitute a good indictment under the statute in question, that the quantity of the poisonous drug administered be stated. It is true, as counsel for appellant contend, that hydrate of chloral is used for medicinal purposes, as are other poisonous or noxious compounds or drugs; but the court also judicially knows that this particular drug is poisonous in its nature, and when taken into the system in a sufficient quantity will produce death by reason of its poisonous effects. When the averments of the indictment are considered, whereby it is charged that this drug was by appellant "unlawfully, feloniously, and with premeditated malice, administered  *  *  *  with intent then and there and thereby, him, the said Alva Rosenbarger, feloniously, purposely, and with premeditated malice, to kill and murder", it certainly is made to appear that the drug administered was sufficient in quantity to carry into effect the felonious intent. *Epps*

v. *State*, 102 Ind. 539.  It follows that the indictment was not open to the objection urged by appellant, and the motion to quash it was properly denied.

It is next insisted that the evidence is not sufficient to sustain the finding of the court.  The insistence upon this feature of the case is not that there is an absence of evidence upon any material point, but the contention is that the testimony given by the prosecuting witness, Alva Rosenbarger, is so contradictory, unreliable, and improbable, as to render it wholly unworthy of credit, and therefore it ought not to be considered.  The judgment of the court in the main may be said to rest upon the evidence of the prosecuting witness.  This witness was the son of appellant, and, as the evidence shows, he was seventeen years old.  Appellant, as the evidence discloses, held an insurance policy upon his life, payable to her at his death.  This policy seems to have been taken out by the son but a short time prior to the commission of the crime of which appellant was convicted.  The son stated positively upon the trial that he and his mother, at the time charged, were in a room together in Princeton, at the residence of Dr. Hudson, where she was employed as a domestic.  He testified that she gave him a bottle containing the drug in question, and told him that it was something to remove the pimples on his face, and advised him to take it.  He testified that he took the drug to the room which he occupied, and upon retiring that night he took a part of it, and then fell into a stupor, from the effects of which, through medical aid, he finally recovered.  After his recovery he seems to have signed a written statement to the effect that he took the drug for the purpose of committing suicide.  Without going into a review of his evidence, it may be said that his statements in the main are contradicted by circumstances and the evidence of other witnesses, and it may be asserted that the story which he told is unnatural and improbable.  The fact, however, appears that appellant was the beneficiary under the insurance policy, and this seems to have supplied a ground for the

Cleveland, etc., R. Co. *v.* Klee.

motive upon her part for committing the crime in question. If the evidence given by her son can be credited, she is guilty of the atrocious crime charged against her, and was properly convicted.

The learned and conscientious judge who presided at the trial and who heard, considered, and determined the question of appellant's guilt, seems to have believed the testimony of the prosecuting witness. It was especially the province of the trial court to weigh and determine what credibility, if any, under all the circumstances, ought to be given to the evidence introduced upon the trial. We must presume, therefore, that this duty was correctly and properly discharged. The rule that we have no authority to weigh evidence is one which is firmly settled, and as there is evidence in this case, which, if worthy of belief, is sufficient to sustain the finding upon every material point, we can not, therefore, disturb the judgment upon the question urged by appellant as to the sufficiency of the evidence. The judgment is therefore affirmed.