Selby v. State.

---

SELBY *v.* THE STATE.

[No. 20,172.    Filed January 12, 1904.]

161    667
f170    539

CRIMINAL LAW.—*Information.*—*Forgery.*—*Idem Sonans.*—An information in two counts, charging in one the forgery of the name John H. Veike and in the other John H. Vieke, is not bad as joining two distinct felonies growing out of two distinct transactions, since the names are *idem sonans. pp. 668, 669.*

FORGERY.—*Information.*—*Manner of Passing Forged Instrument.*—The essence of the crime of forgery and of uttering a forged instrument is the intent to defraud, and the precise manner of the uttering or passing of the forged instrument is immaterial if accompanied with felonious intent, and need not be set out in an information charging the crime. *pp. 670, 671.*

SAME.—*Information.*—An information for forgery is not bad because in one count it is charged that the forged note was passed "to Louis A. Meyer" with intent to defraud "one Louis A. Meyer," and in the other count that the forged note was signed by "John H. Veike," and was passed with intent to defraud "one John H. Veike." *p. 671.*

CRIMINAL LAW.—*Indictment or Information.*—*Repugnancy.*—Repugnancy does not make a criminal charge bad when there is sufficient matter alleged to indicate the crime and person charged. *p. 672.*

SAME.—*Indictment or Information.*—*Surplusage.*—Neither an indictment nor information will be condemned for surplusage or informality when the language used charges a public offense with reasonable certainty. *pp. 671, 672.*

SAME.—*Information.*—An information for forgery charging that defendant "did then and there unlawfully, feloniously, falsely, fraudulently, and knowingly make, forge, counterfeit, utter, publish, and pass to Louis A. Meyer as true and genuine, a certain false, forged and counterfeit promissory note," etc., in effect charges the defendant with both the forging and uttering of the

note as one single and continuous transaction, and as such is sufficient. *p. 672.*

From Knox Circuit Court; *O. H. Cobb*, Judge.

John Selby was convicted of forgery, and appeals. *Affirmed.*

*J. S. Pricthett, W. A. Cullop* and *G. W. Shaw*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley, W. C. Geake* and *L. G. Rothschild*, for State.

HADLEY, J.—Appellant was convicted of forging and uttering a false instrument by a jury upon affidavit and information in two counts, both of which were held good on motion to quash, and on motion in arrest of judgment. The appeal questions the ruling of the court on these motions.

Each count of the affidavit alleges that the forged note was one purporting to have been executed by one John H. Veike to John Selby, and the copy set out *in haec verba* shows a note signed by John H. Veike, payable to the order of John Selby. The first count of the information alleges that the forged note was one purporting to have been executed by one John H. Vieke to John Selby, and the copy set out shows a note signed by John H. Vieke, payable to the order of John Selby. The second count of the information alleges that the forged note was one purporting to have been executed by one John H. Veike, without stating to whom, and the copy set out shows a note signed by John H. Veike, payable to the order of John Selby. In each count of both affidavit and information the person to whom the note was passed is alleged to be Louis A. Meyer. In the first count of both affidavit and information the person intended to be defrauded is alleged to be Louis A. Meyer, and in the second John H. Veike. In each count of both affidavit and information it is alleged that the defendant "did then and there unlawfully, felo-

niously, falsely, fraudulently, and knowingly make, forge, counterfeit, utter, publish, and pass to Louis A. Meyer as true and genuine, a certain false, forged and counterfeit promissory note."

The principal question hinges on whether or not John H. Veike and John H. Vieke are *idem sonans.* Appellant contends for the negative, and insists that in sound and signification they are two distinct names, and that, as the forgery of the name of John H. Veike is alleged in one count, and the forgery of the name of John H. Vieke is alleged in the other, two distinct felonies growing out of two distinct transactions are charged, and improperly joined in the same action, for which the information should have been quashed.

We concede it to be well established in criminal prosecutions for forgery that the name charged to be forged must be proved as alleged in the indictment or information, and, when based on an affidavit and information, that the name alleged in the information as forged should accord with and be the same as that charged in the affidavit. It is not essential, however, that the names be spelled in the same way or that they be correctly spelled. If substantially the same sound is preserved, a variant orthography will make no difference. The test always is, are the names as spelled *idem sonans*—have the same sound. "If the name is spelled differently," says the court in *Pinney* v. *State,* 156 Ind. 167, "from that of the accurate spelling thereof, but nevertheless conveys to the ear, when pronounced according to the usual recognized rule of acoustics, a sound which is practically the same as the sound of the true name * * * this is a sufficient designation of the person, and no advantage can be taken of the clerical error or variance." See this case for a collection of cases and illustrations. See, also, Tonges for Toenges, *Seibert* v. *State,* 95 Ind. 471, 477; Horick for Horrick, *Evans* v. *Stale,* 150 Ind. 651, 653.

Selby *v.* State.

We are asked under these rules to say as a matter of law that Veike and Vieke are not *idem sonans*. To do this we must judicially know in some way that a transposition of the vowels "ei" in proper names changes the fixed pronunciation of the name. We have no such knowledge either judicial or personal. The spelling and pronunciation of proper names is usually arbitrary, and it is a matter of common notoriety that many families spell their names differently, but pronounce them the same. We see much less reason for assuming, in considering the motion to quash, that when these particular letters are combined in a proper name, the correct and arbitrary pronunciation places the accent on the first vowel without reference to which one it is, than we have for assuming that the diphthong in popular usage often has the same sound without reference to which is the initial or which the final vowel, as in receive, believe, perceive, achieve, deceive, retrieve, and so on. In the full name of John H. Veike, alleged to have been forged, the only difference in spelling complained of is the transposition of the two vowels, and this seems so trifling as to make it very clear that a conviction or acquittal on the information would bar another prosecution for the offense charged in both counts, and that is all that should concern the appellant. We, therefore, hold that the names are *idem sonans* and the same, and the counts not improperly joined.

2. It is alleged in each count of the information that the defendant "did feloniously, falsely, fraudulently, and knowingly, make, forge, counterfeit, utter, publish, and pass to Louis A. Meyer, as true and genuine, a certain false, forged, and counterfeit promissory note purporting to have been made and executed by one John H. Veike to him, the said John Selby, for the payment of $35." The copy of the note set out shows that the note was payable to the order of John Selby. It is argued that since it is averred that the false note was payable to John Selby,

and the copy set out showed it was payable to the order of John Selby, the information is bad for ambiguity and uncertainty, for failure to disclose how the note was passed to Meyer, whether by delivery, indorsement, or in any sufficient way to defraud Meyer. The essence of the crime of forgery and of uttering a forged instrument is the intent to defraud (State v. Fidler, 148 Ind. 222), and the precise manner of uttering or passing a forged instrument is immaterial if accompained with the felonious intent. The allegation that the note was passed to Meyer is the averment of a fact, and implies a passing or a transfer of title to the note, and is therefore sufficient.

3. In one count of the information it is charged that the forged note was passed "to Louis A. Meyer" with intent to defraud "one Louis A. Meyer," and in the other count it is alleged that the forged note purported to be signed by "John H. Veike" and was passed to Meyer with intent to defraud "one John H. Veike." It is contended that these averments fail to identify the persons alleged as intended to be defrauded as being the same persons whose names were connected with the forgery, and the information therefore insufficient. Shinn v. State, 57 Ind. 144, and Yount v. State, 64 Ind. 443, are relied upon as supporting the position taken. We can not accept these cases as authority here. In neither of them was it shown by averment or copy of the forged instrument that the persons against whom the fraudulent intent was directed had any connection or relation with the forged note, and this is given as the reason for holding the indictment bad. The reason does not exist in this case. It would have been better pleading to have used the word "said" for the word "one" in the intent clause, but we can not hold the information bad for failure to do so.

4. The last point made against the information is that it is void because it charges no offense. Counsel for appellant say in their fifth point: "To charge one with

forging a forged note is like charging one with murdering a dead man. The expression is a solecism, and makes the whole charge bad for repugnancy." Repugnancy does not make a criminal charge bad when there is sufficient matter alleged to indicate the crime and person charged. §1825 Burns 1901; *State* v. *Sarlls,* 135 Ind. '195, 200. Neither will an indictment or information be condemned for surplusage or informality when the language used charges a public offense with reasonable certainty. *Musgrave* v. *State,* 133 Ind. 297, 304, and cases cited.

Another well-established rule is admirably stated by Mr. Bishop in his Criminal Procedure, vol. 1 (3d ed.), §436, thus: "It is common for a statute to declare, that, if a person does this, or this, or this, he shall be punished in a way pointed out. Now, if, in a single transaction, he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore an indictment upon a statute of this kind may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has *or,* and it will not be double, and it will be established at the trial by proof of any one of them." *Rosenbarger* v. *State,* 154 Ind. 425. See, also, *Hobbs* v. *State,* 133 Ind. 404, 18 L. R. A. 774, and cases cited.

The statute upon which this prosecution rests (§2354 Burns 1901) makes forgery and knowingly uttering a forged instrument with intent to defraud offenses of the same class, and punishable in the same way, and it is manifest that the pleader availed himself of the license afforded by the rule last stated, and conjunctively united both offenses in the same charge as constituting a single transaction, and for which but a single penalty can be exacted. This he had the right to do. The averment that the defendant did feloniously and knowingly make, forge, counterfeit, utter, publish, and pass to Meyer, as true and

genuine, a certain false, forged, and counterfeit note, etc., with intent, etc., in effect charges the defendant with both the forging and uttering of the note to Meyer as one single and continuous transaction, and as such a charge it is sufficient; and as charging both acts the language employed is neither repugnant nor inconsistent.

Judgment affirmed.