## SCHOEMAKER ET AL. *v.* STATE OF INDIANA.

[No. 22,238. Filed February 14, 1913.]

1. INTOXICATING LIQUORS. — *Criminal Prosecution.* — *Conjunctive Charges.—Proof.—Punishment.*—An indictment charging defendants with keeping and operating a place where intoxicating liquors were sold, bartered and given away, and with being found in possession of such liquors for such purposes, in violation of §8351 Burns 1908, Acts 1907 p. 689, is a conjunctive charge and proof establishing their guilt of either offense will authorize a conviction. p. 250.

2. INTOXICATING LIQUORS.—*Unlawful Keeping of Intoxicating Liquors.—Evidence.—Sufficiency.*—Evidence showing that defendants were operating a restaurant in a building in which they formerly conducted a saloon, that bottles of beer were found in a refrigerator in a back room, that in a coat of one of the defendants hanging in the restaurant a bottle of whiskey was found, that the building was not a private residence, and that while the officers were searching the rooms one of the defendants endeavored to carry some of the beer out of the building, was sufficient to support a verdict of guilty under the charge of unlawfully keeping intoxicating liquors for the purpose of sale. p. 250.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Prosecution by the State of Indiana against Jerome Schoemaker and another. From a judgment of conviction, the defendants appeal. *Affirmed.*

*Meade S. Hays,* for appellants.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

SPENCER, J.—Appellants were jointly indicted by the grand jury of Grant County, Indiana, upon the charge of keeping and operating a place where intoxicating liquors were sold, bartered or given away and with being found in possession of such liquors for such purposes in violation of §8351 Burns 1908, Acts 1907 p. 689. Upon a plea of not guilty, appellants were tried by a jury and convicted. The court overruled motions for a new trial and rendered judgment on the verdict. The only error assigned in this court is overruling appellants' motions for a new trial.

The indictment, omitting formal parts, charged: "that Jerome Schoemaker and John Herring, late of said county, on or about the 16th day of January, 1912, and on diverse other days both before and after said day, at the county of Grant and state of Indiana, did then and there unlawfully keep, run and operate a place where intoxicating liquors, were then and there sold, bartered and given away in violation of the laws of the State of Indiana, and was then and there found in possession of intoxicating liquors, to wit: whiskey and beer, which was then and there being kept by the said Jerome Schoemaker and John Herring, for the purpose of being sold, bartered and given away in violation of the laws of the State of Indiana, being then and there contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana". The part of §8351 Burns 1908, *supra,* upon which this indictment is based, reads: "* * * any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the

state, or any person who shall be found in possession of such liquors for such purpose shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than fifty dollars ($50) nor more than five hundred dollars ($500), to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months''.

The sole question presented by this appeal is the sufficiency of the evidence to support the verdict. The indictment charged appellants with running and operating a

1. place where intoxicating liquors were sold in violation of law and with having the possession of intoxicating liquors for the purpose of being sold in violation of law. This is a conjunctive charge that the appellants committed all of the forbidden acts provided by the statute, *supra.* It has been repeatedly held by this court that ''On the trial of such a prosecution, if any one or all of the acts so charged to have been committed by the defendant be proved, he will be convicted, and will incur the punishment provided by law''. *Rosenbarger* v. *State* (1900), 154 Ind. 425, 428, 56 N. E. 914. See, also, *State* v. *Fidler* (1897), 148 Ind. 221, 47 N. E. 464; *Fahnestock* v. *State* (1885), 102 Ind. 156, 1 N. E. 372; 1 Bishop, Crim. Proc. §436.

There was sufficient evidence to support the verdict of guilty as to the second charge in the indictment that the appellants did then and there have in their possession

2. intoxicating liquors for the purpose of being sold in violation of law. An examination of the evidence discloses that the appellants were operating a restaurant in a building in which they had formerly conducted a saloon; that there was a refrigerator in the back room and there was found therein a number of bottles of beer and in a coat of one of the appellants hanging in the restaurant was found a bottle containing 27 or 28 ounces of whiskey. The building was not a private residence although one of the appellants slept there. While the officers were making a search of

the rooms, one of the appellants endeavored to carry a basket filled with bottles of beer out of the building. Having seen the witnesses and heard them testify, it was the province of the jury to determine whether or not the appellants had the intoxicating liquors in their possession for the purpose as charged in the indictment. Section 8345 Burns 1908, Acts 1907 p. 27, provides, ''the keeping of intoxicating liquors in any room or building or any other place shall be *prima facie* evidence that such liquors are kept for sale  *  *  *  except  *  *  *  when the same is kept in a *bona fide* residence and for family use only''.

There was sufficient evidence to support the verdict. Judgment is affirmed.

NOTE.—Reported in 100 N. E. 753. See, also, (1) 22 Cyc. 449; (2) 23 Cyc. 274. As to what sales of intoxicating liquors are unlawful, see 12 Am. St. 353.