SMITH v. STATE OF INDIANA.

[No. 22,895.   Filed April 25, 1917.]

1. INDICTMENT AND INFORMATION.—*Statutory Offense.*—*Description.*—*Language of Statute.*—Where a criminal statute provides a definition of an offense and states specifically what acts shall constitute it, it is enough to charge the offense in the language of the statute, but where the crime is defined in generic terms, the indictment must state particularly the acts of the accused alleged to constitute the offense.   p. 256.

2. CRIMINAL LAW.—*Statutes Defining Crime.*—*Certainty.*—A penal statute must be sufficiently definite to show what the legislature intended to prohibit and punish or it will be void for uncertainty.   p. 256.

3. CRIMINAL LAW.—*Statutes Defining Crime.*—*Certainty.*—A penal statute is sufficiently certain, although it may use general terms, if the offense is so defined as to convey to a person of ordinary intelligence an adequate description of the evil intended to be prohibited.   p. 256.

4. CONSTITUTIONAL LAW.—*Powers of Legislature.*—*Defining Prima Facie Evidence.*—The legislature has power to make certain acts or facts *prima facie* evidence of other facts necessary to be established in a legal proceeding.   p. 256.

5. CRIMINAL LAW.—*Statute Regulating Speed of Automobiles.*—*Validity.*—Section 10476c Burns 1914, Acts 1913 p. 779, 787, regulating the speed of motor vehicles on public highways, is not, when considered in its entirety, so uncertain or indefinite as to be void.   p. 257.

6. INDICTMENT AND INFORMATION.—*Involuntary Manslaughter.*—*Sufficiency of Indictment.*—Counts in an indictment charging involuntary manslaughter by driving an automobile at a rate of speed violating §10476c Burns 1914, Acts 1913 p. 779, 787, which follow the language of the statute are sufficiently definite.   p. 258.

7. INDICTMENT AND INFORMATION.—*Involuntary Manslaughter.*—*Indictment Charging General Violations of Statutes.*—*Sufficiency.*—An indictment charging involuntary manslaughter by driving an automobile at an excessive rate of speed, in violation of §10476c Burns 1914, Acts 1913 p. 779, 787, and by operating the machine while under the influence of intoxicating liquor, in violation of §10476f Burns 1914, Acts 1913 p. 779, 792, is not bad for duplicity, as the prosecution was for the one offense to which each of such acts is alleged to have contributed.   p. 258.

8. INDICTMENT AND INFORMATION.—*Involuntary Manslaughter.*
—*Indictment.*—*Sufficiency.* — *Surplusage.* — Inessential allegations in a count charging involuntary manslaughter that are more properly applicable to a charge of murder in the second degree are mere surplusage and afford no ground for quashing the indictment, as §2063 Burns 1914, Acts 1905 p. 584, 625, provides that no indictment shall be quashed for any surplusage, where there is sufficient matter alleged to indicate the crime and person charged.   p. 258.

9. HOMICIDE.— *Involuntary   Manslaughter.*— *Indictment.*— *Sufficiency.*—*Charging Violation of Automobile Speed Law.*—A count in an indictment charging involuntary manslaughter by unlawfully driving an automobile over a much frequented city street in a reckless and wanton manner, without regard for the safety of others, at the high and reckless speed of twenty-five miles per hour, the facts being set forth in detail, is sufficient.   p. 258.

10. HOMICIDE. — *Manslaughter.* — *Elements.* — A negligent act which shows a wanton and reckless disregard for the rights and safety of others, and which causes the death of another, will constitute manslaughter.   p. 259.

11. CRIMINAL LAW.—*Appeal.*—*Review.*—*Application for Change of Venue.*—*Discretion of Court.*—*Statute.*—As §2078 Burns 1914, Acts 1905 p. 584, 629, places the granting of changes of venue within the court's discretion, except in cases punishable by death, the refusal of the trial court to grant a change of venue in prosecution for voluntary manslaughter will not be reviewed on appeal unless an abuse of such discretion is clearly apparent from the record.   pp. 259, 260.

12. CRIMINAL LAW.—*Change of Venue.*—*Affidavits to Support Motion.*—*Counter-Affidavits.*—*Abuse of Discretion not Shown.*— The mere fact that the affidavits in support of an application for a change of venue were signed by a greater number of citizens than the counter-affidavits, or that no counter-affidavits were filed, did not require the court to grant the motion, nor are these facts alone sufficient to show an abuse of discretion in refusing to sustain the application.   p. 260.

13. HOMICIDE.—*Involuntary Manslaughter.*—*Conjunctive Charges.*—*Proof.*—*Conviction.*—In a prosecution under an indictment charging involuntary manslaughter by driving an automobile at a rate of speed in violation of §10476c Burns 1914, Acts 1913 p. 779, 787, and operating the machine while intoxicated in violation of §10476f Burns 1914, Acts 1913 p. 779, 792, an instruction authorizing a conviction on proof of defendant's intoxication alone is not erroneous, since proof of either unlawful act proximately causing death will sustain a conviction.   p. 260.

14. CRIMINAL LAW.—*Instructions.—Assuming Undisputed Facts.* —Instructions assuming facts sustained by the undisputed evidence are not erroneous for that reason.  p. 261.

15. CRIMINAL LAW.—*Appeal.—Harmless Error.—Instructions.*— In a prosecution for involuntary manslaughter, instructions erroneously injecting into the case the elements of defendant's intent and deceased's contributory negligence were not harmful to defendant, since the error operated to the prejudice of the State.  p. 261.

16. CRIMINAL LAW.—*Appeal.—Harmless Error.—Reversal.— Technical Errors.—Statute.*—Where the evidence in a prosecution for involuntary manslaughter fully sustains the verdict of conviction and the record shows nothing more than technical inaccuracies which could not have affected the substantial rights of the defendant, the judgment will not be reversed in view of §2221 Burns 1914, Acts 1905 p. 584, 657, providing that, in appeals in criminal cases, the Supreme Court shall disregard technical errors and defects not prejudicial to the substantial rights of the accused.  p. 261.

From Marion Criminal Court (43,886); *James M. Leathers*, Special Judge.

Prosecution by the State of Indiana against Harry P. Smith. From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Asa H. Boulden, O. J. Boulden, Charles W. Smith, Charles Remster, Henry H. Hornbrook* and *Albert P. Smith,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Alvah J. Rucker, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson* and *Wilbur T. Gruber,* for the State.

SPENCER, J.—Appellant was tried and convicted of involuntary manslaughter in unlawfully causing the death of Ella J. Weaver. The indictment is in three counts, of which the first charges, in substance, that appellant, on February 17, 1915, drove and operated an automobile on and over Meridian street, in a residence portion of the city of Indianapolis, at a rate of speed exceeding fifteen miles an hour, thus violating §10476c Burns 1914, Acts 1913 p. 779, 787, and involuntarily

causing the death of Miss Weaver by striking her with his automobile as she was in the act of crossing said street.    The second count of the indictment, in addition to the charge above set out, contains an accusation that appellant was then and there operating his automobile while he was in a state of intoxication, and in such an imprudent and reckless manner as to endanger the lives of persons using said street.    The third count charges that appellant, at a time and place fixed, was operating his automobile in a reckless and wanton manner, at a speed of twenty-five miles an hour and without regard for the safety of others; that his acts resulted in the death of Miss Weaver as similarly alleged in the first and second counts.    Appellant's motion to quash each count of this indictment was overruled and errors are assigned on such ruling.

The principal objection urged against the first and second counts in the indictment is that each is, in part, based on a statute which is uncertain and definite in its definition of the offense intended to be prescribed. The statute provides that: "No person shall drive or operate a motor vehicle or motor bicycle upon any public highway in the state at a speed greater than is reasonable or prudent, having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person.    If the rate of speed of any motor vehicle or motor bicycle  *  *  *  operated or driven on any public highway in the state where the same passes through the residence portion of any incorporated city, town or village exceeds fifteen (15) miles an hour  *  *  *, such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable and prudent having regard to the traffic and use of the way or so as to en-

danger the life or limb or injure the property of any person." §10476c Burns 1914, *supra*.

Although the rule is well settled that where a criminal statute provides a definition of an offense and states specifically what act shall constitute it, it is enough to charge the offense in the language of the statute, it is equally well established that if the crime is defined in generic terms, an indictment based on such statute must state particularly the acts of the accused which are alleged to constitute such an offense on his part. *Johns* v. *State* (1902), 159 Ind. 413, 65 N. E. 287, 59 L. R. A. 789, and authorities there collected. Furthermore, the statute itself must be sufficiently definite to show what the legislature intended to prohibit and punish, or it will be void for uncertainty. *Cook* v. *State* (1900), 26 Ind. App. 278, 281, 59 N. E. 489; 8 R. C. L. 58, §8. On the other hand, "a penal statute is sufficiently certain, although it may use general terms, if the offense is so defined as to convey to a person of ordinary intelligence an adequate description of the evil intended to be prohibited." 12 Cyc 142; *Moore* v. *State* (1914), 183 Ind. 114, 116, 107 N. E. 1; *Hedderich* v. *State* (1885), 101 Ind. 564, 572, 1 N. E. 47, 51 Am. Rep. 768.

And a further principle which is applicable in this case is thus stated in *Rose* v. *State* (1908), 171 Ind. 662, at page 666, 87 N. E. 103, 105: "It is settled in this State that the legislature has power to make certain acts or facts *prima facie* evidence of other facts necessary to be established in a legal proceeding." See, also, *State* v. *Beach* (1896), 147 Ind. 74, 79, 43 N. E. 949, 46 N. E. 145, 36 L. R. A. 179, and authorities cited.

In his objection to the statute under consideration appellant centers his attack on the provision that: "No

person shall drive or operate a motor vehicle or
5. motor bicycle upon any public highway in the state at a speed greater than is reasonable or prudent, having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person," and contends that this provision is too indefinite and uncertain to furnish a guide for the conduct of persons operating motor vehicles on public highways. The statute must be considered in its entirety, however, and when so considered, it clearly fixes a standard of care to be observed by the operator, having regard to the location of the highway on which he is driving at the time. As applied particularly to the charge in the present case, the statute, and the indictment drawn thereunder, placed on the State the burden of proving that at the time and place alleged appellant was operating his machine at a speed exceeding fifteen miles an hour. Such conduct, on its face, is definitely fixed as a violation of the statutory prohibition, as applicable to the place of the offense in this instance, and the fact that proof thereof is made *prima facie* rather than absolute evidence of guilt, serves only to permit a defendent to show, if he can, that under all the circumstances the speed at which he was operating his machine was not unreasonable or imprudent, or sufficient to endanger the person or property of another. Proof of this defense may necessarily rest in varying circumstances, but the same is true of conditions which are sufficient to establish a plea of self defense on the part of one charged with murder. Considered as a whole, the statute falls within the rule quoted from Cyc and must be held sufficient. The first and second counts of the indictment, although following the language of the statute, clearly served to apprise appellant of the charge to be met and are good as against the objec-

tion just considered. In reaching this conclusion we assume, without deciding, that the second count, as contended by appellant, is intended to rest in part on the speed statute above quoted.

Further objections made against the second count of the indictment need not receive extended consideration. It is enough to note: (1) That even though this count charges appellant with the commission of two unlawful acts, viz.: the operation of his machine at an excessive rate of speed, in violation of §10476c Burns 1914, *supra*, and while under the influence of liquor, in violation of §10476f Burns 1914, Acts 1913 p. 779, 792, the prosecution is for the one offense of involuntary manslaughter to which each of such acts is alleged to have contributed, and the indictment is therefore not bad for duplicity; *Yazel* v. *State* (1908), 170 Ind. 535, 538, 84 N. E. 972; *Rosenbarger* v. *State* (1899), 154 Ind. 425, 56 N. E. 914. (2) That even if it be conceded that certain allegations in the second count are more properly applicable in an indictment for murder in the second degree, they are not essential to sustain the plea in question as a charge of involuntary manslaughter and, being surplusage, they afford no ground for quashing the indictment. §2063 Burns 1914, Acts 1905 p. 584, 625; *Boos* v. *State* (1913), 181 Ind. 562, 569, 105 N. E. 117; *Musgrave* v. *State* (1892), 133 Ind. 297, 304, 32 N. E. 885.

The third count undertakes to show somewhat in detail the fact that the accident occurred on a public highway in the city of Indianapolis at a place where that thoroughfare was much frequented and lawfully used by large numbers of pedestrians and vehicles, and at a time when it was being so used and frequented. It further charges that appellant, under such conditions, unlawfully drove his machine over said

street in a reckless and wanton manner, without regard for the safety of others and at the high and reckless speed of twenty-five miles an hour. This count of the indictment charges appellant with gross carelessness in the operation of his automobile and is clearly sufficient under the rule that a negligent act which shows 10. a wanton and reckless disregard for the rights and safety of others, and which causes the death of another, will constitute manslaughter. *Luther* v. *State* (1912), 177 Ind. 619, 624, 98 N. E. 640; *Potter* v. *State* (1903), 162 Ind. 213, 217, 70 N. E. 129, 64 L. R. A. 942, 102 Am. St. 198, 1 Ann. Cas. 32; *State* v. *Dorsey* (1888), 118 Ind. 167, 169, 20 N. E. 777, 10 Am. St. 111.

The remaining objection to the indictment, which is directed against each count thereof, rests on the rule that one who is accused of a criminal offense is entitled to demand that the charge against him be set forth in plain and concise language and with a reasonable degree of certainty. Neither count of the indictment under consideration is in violation of this rule. §2062 Burns 1914, Acts 1905 p. 584, 625; *Lipschitz* v. *State* (1911), 176 Ind. 673, 674, 96 N. E. 945; *Agar* v. *State* (1911), 176 Ind. 234, 244, 94 N. E. 819; *Brown* v. *State* (1887), 110 Ind. 486, 488, 11 N. E. 447; *State* v. *Schaeffer* (1917), 117 N. E. 220.

In support of his contention that the Marion Criminal Court should have sustained his motion for a new trial, appellant first alleges error in the overruling 11. ing of his application for a change of venue from the county. As the offense with which appellant is charged is not punishable by death it was within the discretion of the trial court to grant or refuse the request for a change of venue (§2078 Burns 1914, Acts 1905 p. 584, 629), and its action thereon is not re-

viewable on appeal unless an abuse of such discretion is clearly apparent from the record. Whatever the rule may be in other jurisdictions, it is settled in this State that "the mere fact that the affidavits in support of the application for change of venue were signed by a greater number of citizens than the counter-affidavits, did not require the court to grant the change of venue nor show an abuse of discretion in refusing to grant it." *Leach* v. *State* (1911), 177 Ind. 234, 237, 97 N. E. 792, 793. In the present case no counter-affidavits were filed, but this fact alone is not sufficient to show an abuse of discretion in refusing to sustain appellant's application. The record as a whole discloses nothing to indicate that appellant was in any way denied a fair and impartial trial and, in the absence of such a showing, the ruling on a motion for a change of venue, where discretionary, will not be disturbed on appeal. *Hauk* v. *State* (1897), 148 Ind. 238, 243, 46 N. E. 127, 47 N. E. 465; *Ransbottom* v. *State* (1896), 144 Ind. 250, 252, 43 N. E. 218; *Walker* v. *State* (1894), 136 Ind. 663, 665, 36 N. E. 356.

The objections urged against instructions Nos. 3, 7 and 8, given by the trial court on its own motion, are trivial in character, and need not here receive consideration in detail, while the objections to instructions Nos. 9, 11, 13 and 14 have, in their substance, been disposed of through our conclusions as to the sufficiency of the indictment. Furthermore, the principles announced in these instructions are, in part, embodied in instructions Nos. 8, 11 and 12, tendered by appellant. An additional objection to the court's instruction No. 13, viz., that it improperly authorized a conviction under the second count of the indictment on proof that the accident was the result of appellant's intoxication alone, is not well taken. Assuming that the

second count does charge appellant with two separate unlawful acts, proof of either one, proximately causing the injury in question, would sustain a conviction. *Schoemaker* v. *State* (1912), 179 Ind. 248, 250, 100 N. E. 753; *Rosenbarger* v. *State, supra.*

Preliminary to a consideration of the principles of law which are embodied therein, instructions Nos. 16 and 18, given by the court, each state it to be an undisputed fact that appellant, at the time and place charged in the several counts of the indictment, drove the automobile in question against the body of Ella J. Weaver, to her injury and death. The evidence fully sustains this assumption and it was not error so to instruct the jury in announcing principles of law applicable to other issues in the case. *Dorsey* v. *State* (1912), 179 Ind. 531, 536, 100 N. E. 369; *Hoover* v. *State* (1903), 161 Ind. 348, 354, 68 N. E. 591; *Hawkins* v. *State* (1894), 136 Ind. 630, 633, 36 N. E. 419.

It is further contended that instructions Nos. 16 and 18, respectively, erroneously inject into the case the elements of intent on the part of appellant and of contributory negligence on the part of deceased. Assuming the truth of this contention, the error operated to the prejudice of the State rather than appellant, and he is in no position to complain. *Shields* v. *State* (1897), 149 Ind. 395, 404, 49 N. E. 351; *Rollins* v. *State* (1878), 62 Ind. 46, 51; *State* v. *Moore* (1906), 129 Iowa 514, 106 N. W. 16; *Bowen* v. *State* (1911), 100 Ark. 232, 240, 140 S. W. 28.

The court's instructions, taken as a whole, are correct in their substance, and no contention is made that any of the instructions tendered by appellant and refused should have been given as a more specific charge. Where, as in this case, the evidence fully sustains the verdict and the record shows nothing

more than minor technical inaccuracies which could not have affected substantial rights of the defendant, the judgment of the trial court will not be set aside. §2221 Burns 1914, Acts 1905 p. 584, 657; *Hay* v. *State* (1912), 178 Ind. 478, 484, 98 N. E. 712, Ann. Cas. 1915 C 135; *White* v. *State* (1912), 178 Ind. 317, 319, 99 N. E. 417; *Mason* v. *State* (1907), 170 Ind. 195, 203, 83 N. E. 613. Judgment affirmed.

Lairy, C. J., dissents.

NOTE.—Reported in 115 N. E. 943. Criminal law: (a) homicide, commission of, by negligent operation of automobile, 30 L. R. A. (N. S.) 458, 33 L. R. A. (N. S.) 403, 13 Ann. Cass. 42; (b) sufficiency, generally, of charging offense in language of statute, 11 L. R. A 530, 22 Cyc 339, 343; (c) criminal liability of the owner or driver for injuries inflicted by an automobile, 18 Ann. Cas. 239, Ann. Cas. 1914 A 684; (d) involuntary manslaughter, what constitutes, 90 Am. St. 571. Statutes making certain facts *prima facie* evidence, 6 Ann. Cas. 746; Ann. Cas. 1912 A 465; Ann. Cas. 1916 B 699. See under (2, 3) 12 Cyc 141, 142; (7) 22 Cyc 378; (8) 22 Cyc 370; (10) 21 Cyc 766; (12) 12 Cyc 896.