## STATE OF INDIANA v. SCHIPPER.

[No. 24,260. Filed November 14, 1923.]

1. CRIMINAL LAW.—*Indictment.*—*Duplicity.*—When a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count without duplicity. p. 596.

2. INTOXICATING LIQUORS.—*Unlawful Possession and Disposition.* —*Indictment.*—*Duplicity.*—*Statutes.*—An indictment for violation of the Prohibition Act (§4, Acts 1917 p. 15 as amended by Acts 1921 p. 736, §8356d Burns' Supp. 1921) charging that defendant unlawfully manufactured, transported, possessed and unlawfully kept and had in his possession intoxicating liquors with intent to sell, barter, exchange, give away, furnish and otherwise dispose of it, *held* not objectionable for duplicity for joining several offenses in one single count, since the statute enumerates the several offenses disjunctively, and prescribes the same punishment for each offense. p. 596.

From Dearborn Circuit Court; Charles A. Lowe, Judge.

Prosecution by the State of Indiana against Louis B. Schipper. From a judgment for defendant, the State appeals. *Reversed.*

U. S. Lesh, Attorney-General, and Mrs. Edward Franklin White, Deputy Attorney-General, for the State.

E. G. Bielby, for appellee.

WILLOUGHBY, C. J.—The appellee was prosecuted by indictment for a violation of section 4 of the Prohibition Act of 1917, (Acts 1917 p. 15) as amended by Acts 1921 p. 736, being §8356d Burns' Supp. 1921. The charging part of the indictment is as follows:

"That Louis B. Schipper on the 20th day of December, A. D., 1922, at said county and state aforesaid did then and there unlawfully manufacture, transport and possess intoxicating liquor, and did then and there unlawfully keep and have in his possession intoxicating liquor with the intent then and there to sell, barter, exchange, give away, fur-

nish and otherwise dispose of the same to persons to this grand jury unknown, within this state."

A motion was made to quash the indictment which was sustained and exceptions to the ruling of the court quashing such indictment reserved by the prosecuting attorney. Judgment was rendered for the defendant that he go hence without day. From such judgment the state appeals, and the only question presented by this appeal is the sufficiency of the indictment to withstand the motion to quash. The appellee's motion to quash the indictment, omitting the caption, is as follows: "The defendant moves the court to quash the indictment herein for duplicity: That several distinct offenses are joined in a separate count of said indictment, and is bad for duplicity, in this to wit: (1) Said indictment charges the defendant with the unlawful manufacture of intoxicating liquors. (2) It charges the defendant with the unlawful transportation of intoxicating liquors. (3) It charges the defendant with the unlawful possession of intoxicating liquor. (4) It charges the defendant that he did then and there unlawfully keep and have in his possession intoxicating liquor with intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons unknown, in violation of the laws of the State of Indiana."

The appellee relies on a number of cases cited in his brief to support his contention that the indictment is bad for duplicity.

In *Knopf* v. *State* (1882), 84 Ind. 316, cited by appellee, on page 321, the court says: "By the facts stated in the affidavit and information in this case, it is manifest that the appellant and his co-defendant are charged with separate and distinct offences, made such by different statutes, and for which entirely different punishments have been and are prescribed."

In the *State* v. *Weil* (1883), 89 Ind. 286, another case cited by appellee, the court says on page 289: "We have given a full summary of the information in this case, and it is apparent therefrom, as it seems to us, that the appellees are charged with separate and distinct offenses, for which different punishments are prescribed, in one and the same count." Other cases cited by appellee are easily distinguished from the one at bar.

The section of statute upon which this indictment is based provides as follows: "It shall be unlawful for any person to manufacture, transport, possess, sell, barter, exchange, give away, furnish *or* otherwise dispose of any intoxicating liquor, or to possess or keep any intoxicating liquors with intent to sell, barter, exchange, give away, furnish *or* otherwise dispose of the same, except as in this act provided.  *   *   *"

It will be observed that the several offenses enumerated in such statute are disjunctively stated and that the punishment prescribed is the same for each one. The rule for construing such statutes is stated in Bishop, New Criminal Proc. (2d ed.) §436 as follows: "A statute often makes punishable the doing of one thing, *or* another, *or* another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction '*and*' where the statute has 'or' and it will not be double, and it will be established at the trial by proof of any one of them."

In 10 Ency. of Pl. and Pr. 536, it is said, "When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punish-

ment, all of such acts may be charged cumulatively as one offense. And where the statute provides in the alternative several means by which the offense may be committed, or where the intent or purpose is set out in several aspects disjunctively, they may all be charged in setting out one and the same offense. But the rule has been limited in its application to cases where the offenses created in the statute are not repugnant, either in themselves or in the punishment therefor."

In *State* v. *Sarlls* (1893), 135 Ind. 195, 34 N. E. 1129, it is held that it is a rule of construction in this state that, when a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count.

In *State* v. *Fidler* (1897), 148 Ind. 221, 47 N. E. 464, on page 222, the court says, "The rule in this state and elsewhere is that when a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count without objection for duplicity."

The rule announced in *State* v. *Fidler, supra,* and in *State* v. *Sarlls, supra,* is sustained by abundant authority and is well established. *Selby* v. *State* (1904), 161 Ind. 667, 69 N. E. 463; *Rosenbarger* v. *State* (1900), 154 Ind. 425, 56 N. E. 914; *State* v. *Stout* (1887), 112 Ind. 245, 13 N. E. 715; *Hobbs* v. *State* (1893), 133 Ind. 404, 32 N. E. 1019, 18 L. R. A. 774; *Marshall* v. *State* (1890), 123 Ind. 128, 23 N. E. 1141; *Mergentheim* v. *State* (1886), 107 Ind. 567, 8 N. E. 568; *Fahnestock* v. *State* (1885), 102 Ind. 156, 1 N. E. 372; *Davis* v. *State* (1885), 100 Ind. 154; *Crawford* v. *State* (1870), 33 Ind. 304; *State* v. *Alsop* (1853), 4 Ind. 141; *Dormer* v. *State* (1850), 2 Ind. 308; *State* v. *Slocum* (1846), 8 Blackf. 315; *Crain* v. *United States*

(1896), 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097; *Commonwealth* v. *Tuck* (1838), 20 Pick. (Mass.) 356; *Commonwealth* v. *Twitchell* (1849), 4 Cush. (Mass.) 74; *State* v. *Price* (1829), 11 N. J. Law 241; *Edge* v. *Commonwealth* (1847), 7 Pa. 275; *Byrne* v. *State* (1860), 12 Wis. 577; *Clifford* v. *State* (1871), 29 Wis. 327; *People* v. *Leyshon* (1895), 108 Cal. 440, 41 Pac. 480; *Sprouse* v. *Commonwealth* (1886), 81 Va. 374; *State* v. *Murphy* (1892), 17 R. I. 698, 24 Atl. 473, 16 L. R. A. 550; *People* v. *Altman* (1895), 147 N. Y. 473, 42 N. E. 180; *State* v. *Cooster* (1860), 10 Iowa 453; *State* v. *Fletcher* (1853), 18 Mo. 425; *Kerr* v. *State* (1881), 36 Ohio St. 614; *State* v. *Hastings* (1873), 53 N. H. 452.

It follows that the indictment was not open to the objection urged against it and the motion to quash should have been overruled.

Judgment reversed, with instructions to overrule appellee's motion to quash the indictment.